# CIRMINAL CASES.

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

### TAYLOR v. COMMONWEALTH.

#### June 18, 1903.

1. VIRGINIA CONSTITUTION OF 1902—*Validity*—*De Facto Constitution.*— The Constitution of this State promulgated in July, 1902, by the convention which framed it, having been recognized, accepted, and acted on by the executive, legislative, and judicial branches of the government of the State, and by the people in their primary capacity, and being actually in force throughout the State, and there being no other government in existence in the State opposing or denying its existence, is the only rightful, valid, and existing Constitution in the State, and to it the citizens of the State owe obedience and loyal allegiance.

Error to a judgment of the County Court of Augusta county, rendered May 5, 1903, on a prosecution of plaintiff in error for a felony.

*Affirmed.*

The opinion states the case. No evidence was certified in the record; the facts stated in the opinion in reference to the Constitution being matters of which the court took judicial notice.

*S. D. Timberlake, Jr.,* for the plaintiff in error.

*Attorney-General Wm. A. Anderson* and *A. C. Braxton,* for the Commonwealth.

HARRISON, J., delivered the opinion of the court.

An indictment was found against the plaintiff in error, charging him with house-breaking with intent to commit larceny.

Upon his arraignment he tendered a plea of guilty to the charge, and thereupon, with the consent of the attorney for the Commonwealth, entered of record, the court, without the consent of the plaintiff in error, proceeded to hear and determine the case without the intervention of a jury, and upon such hearing adjudged the prisoner guilty of a felony as charged in the indictment, and sentenced him to confinement in the State Reformatory; further providing that, should the prisoner be refused admission to the reformatory, he should, in that event, be committed to the State penitentiary, to be confined therein and treated in the manner prescribed by law for the period of one year. From this judgment application was made to the Judge of the Circuit Court of Augusta county for a writ of error, which was refused, and thereupon a writ of error was awarded by this court.

The contention is that the court had no authority, and therefore no power, to adjudge the plaintiff in error guilty of a felony, and to sentence him without the intervention of a jury. It is conceded that the proceeding complained of was in strict conformity to the provisions of section 8, Art. I., of the new Constitution of the State of Virginia, ordained and promulgated by a constitutional convention assembled in Richmond during the years 1901-'2; but it is insisted that this Constitution is invalid, and without force or effect in the State; that the Constitution adopted in the year 1869, which provides in section 10, Art. I., that in all criminal prosecutions a man hath a right to a speedy trial by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty, is the only legal and valid Constitution existing throughout the State of Virginia; that the provisions of section 10, Art. I., thereof, have never been legally modified or repealed, and that the plaintiff in error was entitled to have his case heard and determined in accordance with those provisions.

The sole ground urged in support of the contention that the

Constitution proclaimed in 1902 is invalid is that it was ordained and promulgated by the convention without being submitted for ratification or rejection by the people of the Commonwealth.

The Constitution of 1902 was ordained and proclaimed by a convention duly called by direct vote of the people of the State to revise and amend the Constitution of 1869. The result of the work of that convention has been recognized, accepted, and acted upon as the only valid Constitution of the State by the Governor in swearing fidelity to it and proclaiming it, as directed thereby; by the Legislature in its formal official act adopting a joint resolution, July 15, 1902, recognizing the Constitution ordained by the convention which assembled in the city of Richmond on the 12th day of June, 1901, as the Constitution of Virginia; by the individual oaths of its members to support it, and by its having been engaged for nearly a year in legislating under it and putting its provisions into operation; by the judiciary in taking the oath prescribed thereby to support it, and by enforcing its provisions; and by the people in their primary capacity by peacefully accepting it and acquiescing in it, by registering as voters under it to the extent of thousands throughout the State, and by voting, under its provisions, at a general election for their representatives in the Congress of the United States.

The Constitution having been thus acknowledged and accepted by the officers administering the government and by the people of the State, and being, as a matter of fact, in force throughout the State, and there being no government in existence under the Constitution of 1869 opposing or denying its validity, we have no difficulty in holding that the Constitution in question, which went into effect at noon on the 10th day of July, 1902, is the only rightful, valid, and existing Constitution of this State, and that to it all the citizens of Virginia owe their obedience and loyal allegiance.

We do not wish to be understood as acquiescing in the contention of the prisoner that the convention of 1901-'2 was without power to promulgate the Constitution it ordained. We have expressed no opinion upon that subject for two reasons: (1) Because the library at hand is not sufficient to enable us properly to investigate and consider the question; and (2) because, if it were conceded that the convention was without power to promulgate the Constitution, it would not alter the result in this case, inasmuch as the Constitution of 1902 has become the fundamental law of the State, as already shown, by being acknowledged and accepted by the government and people of the State.

There is no error in the judgment complained of, and it is affirmed.

*Affirmed.*