(85 South. 430)

**CORNELIUS, Probate Judge, v. PRUET.**
(7 Div. 83.)

(Supreme Court of Alabama. April 10, 1920.)

Taxation ⬤⟹246—Exemption of soldiers and sailors from poll taxes extends to taxes assessed prior to enlistment.

Const. 1901, § 194½, proposed by Acts 1919, p. 724, § 1, exempting person who has been engaged in the military service of the United States during specified time and has been honorably discharged therefrom, from payment of poll tax, *held* applicable to the payment of all poll tax that might have been due by such person before as well as after enlistment.

Appeal from Circuit Court, Clay County; E. J. Garrison, Judge.

Mandamus by Samuel J. Pruet against O. B. Cornelius, as Judge of Probate, to require said Judge of Probate to enter petitioner's name upon the list of qualified voters of Clay county. From a decree granting the mandamus, the Judge of Probate appeals. Affirmed.

The facts made by the petitioner and admitted to be true are that petitioner is over 21 years old, was a qualified voter in 1915, but has not paid poll tax for the years 1916 to 1919, inclusive; that he enlisted in the United States Navy on the 20th day of April, 1917, and served continuously in the Navy until the 5th day of July, 1919, when he received an honorable discharge from said service; and that such discharge shows an honorable service in said United States Navy for more than four months prior to November 11, 1918, and an honorable discharge therefrom.

J. Q. Smith, Atty. Gen., and Arthur L. Hardegree, of Ashland, for appellant.

The clear intent of the constitutional amendment was to exempt soldiers and sailors, and no others; but this did not apply to persons prior to their entry into the service.

John J. Pruet, of Ashland, for appellee.
No brief reached the reporter.

PER CURIAM. The sole question involved in this appeal is whether or not the petitioner, who had served in the United States Navy for over four months between January 1, 1917, and November 11, 1918, and who had been honorably discharged, was entitled to be placed upon the list of the voters of his county without having first paid all poll tax due by him before enlistment. The state's contention is that the constitutional amendment, section 194½, appearing in section 1 of the Acts of 1919, p. 724, exempts him only from the poll tax accruing against him after his enlistment, while the petitioner contends that the constitutional amendment exempts him from liability from all back unpaid tax now due, or for which he would have been otherwise liable, up to September 30, 1923.

Section 1 of said amendment reads as follows:

"That the following amendment to the Constitution of Alabama is hereby proposed to be submitted to the qualified voters of Alabama for their consideration as hereinafter provided, viz.:

"Sec. 194½. (A) The payment of the poll tax mentioned in the Constitution of Alabama shall not be required of any person who served in the military or naval service of the United States for a period of not less than four months between January 1, 1917, and November 11, 1918, and who has been or who may be honorably discharged from said service and who was a qualified elector, except as to payment of poll taxes, at the time he entered said service, or who has since become such qualified elector, except as to payment of poll taxes. Any such person is exempted from the payment of all poll taxes until September 30, 1923. (B) Certificates of exemption from

payment of such poll taxes shall be issued to persons entitled thereto under regulations prescribed by the Governor."

This court is of the opinion that the petitioner's contention is correct, and that the said amendment clearly and without doubt or ambiguity exempts soldiers and sailors therein embraced from the payment of all poll tax that might have been due by them before as well as after enlistment, or which may have arisen before September 30, 1923, but for the said amendment.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and THOMAS, JJ., concur.

&#9286;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes