(89 South. 593)

## HOOPER v. STATE ex rel. FOX.
### (8 Div. 357.)

(Supreme Court of Alabama. June 30, 1921. Rehearing Denied July 15, 1921.)

**I. Constitutional law ⬅⟹9(2)—Fixing by Legislature of date of election on proposed amendment of Constitution essential.**

The proposed Soldiers and Sailors Tax Exemption Amendment never became part of the Constitution; the Legislature not having appointed the day on which the election thereon should be held, as required by Const. 1901, § 284, but delegating the duty to the Governor, and the Constitution not providing for holding the election at the next general election, on default by the Legislature, even if it had been held at that time.

---

⬅⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Constitutional law ⬧45—Attempted amendment not validated by recognition by departments of state.**

Recognition by all departments of the state of an amendment as part of the Constitution cannot validate it, or prevent judicial inquiry into its validity; it not having been adopted at an election held on a day appointed therefor by the Legislature as required by Const. 1901, § 284.

Gardner and Thomas, JJ., dissenting.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Quo warranto proceeding by the State, on the relation of W. L. Fox, against A. B. Hooper, Jr. From a decree holding him ineligible to hold the office of jury commissioner, he appeals. Affirmed.

Orr & Killcrease, of Albertville, Fred Fite and Matthew H. Murphy, both of Birmingham, R. B. Evins, of Greensboro, and Rushton & Crenshaw, of Montgomery, for appellant.

The case is not on all fours with that of Johnson v. Craft, 205 Ala. 386, 87 South. 375, but in this case the Legislature did appoint a day for the election. Section 284, Const. 1901, and sections 2 and 3 of the act opposing the amendment. The same word, used more than once in the same section, is used each time with the same meaning. 89 Ala. 461, 7 South. 386, 8 L. R. A. 369. The validity of this amendment may not now be questioned, as it has become the fixed policy of the executive, judicial, and legislative departments of the government. 204 Ala. 189, 85 South. 430. Counsel also refer to the briefs filed for the appellee in the case of Johnson v. Craft, supra.

Street & Bradford, of Guntersville, for appellee.

The contentions here made have been thoroughly settled in the case of Johnson v. Craft, 205 Ala. 386, 87 South. 375. The case of Cornelius v. Pruett, 204 Ala. 189, 85 South. 430, may certainly be reopened. Cooley's Const. Limitations, 85–87, notes.

By direction of the court, the opinion was prepared by McCLELLAN, J.

The state, on the relation of Fox, brings this proceeding in quo warranto to determine Hooper's (appellant's) eligibility for appointment by the Governor to hold and serve in the office of jury commissioner for Marshall county (Acts 1909, p. 305 et seq.). The court below overruled demurrer to the petition and awarded relief, deciding that Hooper was ineligible for the office mentioned.

Section 2 of the act approved August 31, 1909 (Acts, p. 306) provides that—

"Every person appointed to the office of jury commissioner shall be, at the time of his appointment, a qualified elector * * * of the county."

The ground of Hooper's averred ineligibility to this office is that he had not paid poll taxes for the years "1918 to 1920, inclusive," which was necessary to his qualification as an elector at the time of his appointment (Graves v. Eubank, 205 Ala. 174, 87 South. 587), unless the "Soldiers and Sailors Poll Tax Exemption Amendment" to the Constitution of Alabama, exempting some only of the soldiers and sailors from payment of poll taxes during a period expiring September 30, 1923, operated to exonerate Hooper from the duty to pay such poll taxes as a condition to his qualification as an elector. That amendment reads:

"Sec. 194½. (a) The payment of the poll tax mentioned in the Constitution of Alabama shall not be required of any person who served in the military or naval service of the United States for a period of not less than four months between January 1, 1917, and November 11, 1918, and who has been or who may be honorably discharged from said service and who was a qualified elector, except as to payment of poll taxes, at the time he entered said service, or who has since become such qualified elector, except as to payment of poll taxes. Any such person is exempted from the payment of all poll taxes until September 30, 1923.

"(b) Certificates of exemption from payment of such poll taxes shall be issued to persons entitled thereto under regulations prescribed by the Governor." See Laws 1919, p. 724.

[1] The petition asserts that the "Soldiers and Sailors Poll Tax Exemption Amendment" never became a part of the Constitution of Alabama, because the Constitution (section 284) required the Legislature, as an entity, to appoint the day on which the election upon proposed amendments should be held, and the Legislature, in violation of the constitutional mandate, undertook, through section 2 of the act proposing this amendment, to delegate or remit the discharge of this constitutionally imposed duty to the Governor of Alabama. The court below held that the amendment never became a part of the Constitution, and so for the reason averred in the petition. This decision was correct under the apt authority of Johnson v. Craft, 205 Ala. 386, 87 South. 375, in which all material, pertinent inquiries are fully considered and stated, avoiding the necessity or desirability for repetition at this time. The question thus made has recently received, in Johnson v. Craft, supra, the fullest consideration by this court. The question there was argued at the bar by thoroughly capable attorneys. It was further and more minutely discussed in elaborate briefs of the respective counsel. After this court had delivered its judgment in that

cause and had set down in the original opinion the basis for its conclusion, an application for rehearing was filed for the State Highway Commission. In support of the application for rehearing additional eminent counsel were called in, and contributed to the further discussion of the question, this time with the opportunity and advantage of the definitely stated grounds upon which this court rested its conclusion that the "Road Bond Amendment" had not become a part of the Constitution because the stated, inescapable mandate of the fundamental law had not been observed by the Legislature in appointing the day for election upon the proposed amendment. Const. § 284; Collier v. Frierson, 24 Ala. 100; Johnson v. Craft, supra.

This recital of the exhaustive character of the consideration and reconsideration accorded the same question in Johnson v. Craft, supra, is made in view of the contention in the printed brief filed for this appellant that a new factor, essential to a sound construction or interpretation of section 284 of the Constitution, is presented on this appeal—a factor that, it is asserted, was not presented or considered on the appeal of Johnson v. Craft. Referring to section 284 of the Constitution, the suggestion is that where an election on a proposed amendment to the Constitution is "held upon the next general election" day, such an election would be held on "a day appointed by the Constitution itself"; this concrete statement being resultant from the avowed view that section 284 itself alternatively appoints the next general election (occurring not within three months after adjournment, we interlard out of deference to another limitary provision of section 284) as the day for election on a proposed amendment to the Constitution. In terms, section 284 refutes the basis for and the result of the interpretation upon which the stated proposition rests. It is therein provided that the Legislature (as an entity, not in its lawmaking capacity—Johnson v. Craft) shall appoint the day on which the election shall be held, and the Constitution of 1901 nowhere contains a provision itself appointing a day for such election, either on a day coincident with the "next general election" or otherwise. The preceding Constitution of 1875, superseded and materially changed by the Constitution of 1901, did, in section 1 of article 17, require elections on proposed amendments to be held "at the next general election which shall be held for Representatives." Johnson v. Craft, supra. The present Constitution annulled that provision of the Constitution of 1875, and expressly placed upon the Legislature, as a distinct entity, the unavoidable, nondelegable duty to appoint the day for such election, either a day coincident with the next general election (occurring "not less than three months after the final adjournment" of that session) or "another day" therefor. So far as elections (other than those on proposed amendments) are concerned, section 190 of the Constitution of 1901, instead of itself defining or appointing the time therefor, expressly commits that service to the Legislature in its lawmaking capacity in these terms:

"The 'Legislature shall pass laws * * * to regulate and govern elections.'" Johnson v. Craft, supra.

As an abstract proposition, the stated insistence cannot be accepted. In the present instance the "Soldiers and Sailors Poll Tax Exemption Amendment" was not voted upon on a general election day, but on the 29th day of December, 1919—a day chosen by the Governor to whom the Legislature had, in violation of the organic law, undertaken to delegate that authority in these words, "It shall be the duty of the Governor to fix the date of said election * * *"—terms identical with those employed in section 4 of the act proposing the submission of the "Road Bond Amendment," quoted in the statement of the case of Johnson v. Craft.

[2] It is here contended, as it was in support of the application for rehearing in Johnson v. Craft, that it is now too late to invoke judicial inquiry into the validity of this amendment—this because, it is asserted, all departments of the state have recognized this amendment as a part of the Constitution of this state. In response to the application for rehearing in Johnson v. Craft, the like contention was considered and adversely decided. The reasons and authority there set down apply with like concluding effect to the cause now under consideration. The decision of this court in Cornelius v. Pruet, 204 Ala. 189, 85 South. 430, in construction of the "Soldiers and Sailors Poll Tax Exemption Amendment," did not involve the validity of this proposed amendment. The only question there presented was that stated in the first paragraph of the opinion—a question in no sense referable to the constitutional objection to validity now presented. So, this court has not before decided any question relating, even, to the validity of the "Soldiers and Sailors Poll Tax Exemption Amendment." The only method whereby the Constitution of Alabama may be amended is the method prescribed therein. Collier v. Frierson, supra. No provision is made therein for its amendment through either public or private acceptance, acquiescence, or consistent action. No more than other departments or agencies of the state has this court any power or authority whatsoever to sanction, recognize, or enforce an amendment that has not been formulated, submitted, and adopted as the Constitution commands as conditions precedent to an

amendment's becoming a part of the Constitution. Author, supra. Support of the Constitution is enjoined by oath (Const. § 279); and among the Constitution's provisions for its own amendment there is not even an intimation that the failure to observe its commands can at any time be condoned, or that the universal acceptance of the product of its violation can anywhere, at any time, operate to impress legality upon or impart validity to an effort to amend the organic law that was originally invalid. Any other principle would recognize the efficacy of a method of amendment of the Constitution not contemplated by that instrument. "The Constitution may be set aside by revolution, but it can only be amended in the way it provides." McCreary v. Speer, 156 Ky. 783, 162 S. W. 99. Such is the obvious doctrine of Collier v. Frierson, supra, in the great preservative light of which several of our Constitutions have been since ordained.

It is suggested in brief for appellant that now to hold invalid the "Soldiers and Sailors Poll Tax Exemption Amendment," after persons within its exemption have voted in intervening elections in reliance upon the validity of the poll tax exemption thereby contemplated, would subject those so voting to criminal prosecution or penalty for "illegal voting." This suggestion is wholly ill founded. Such voters did not offend the statutes against "knowingly" casting illegal votes, the invalidity of the proposed amendment having been adjudged subsequent to the casting of their votes.

The judgment was well rendered, the amendment in question never having become a part of the Constitution of this state; and hence the appellant was not exempt from the voluntary payment of poll taxes as a condition precedent to his qualification as an elector. Graves v. Eubank, 205 Ala. 174, 87 South. 587 et seq.; Const. §§ 178, 194. He was not, therefore, a qualified elector at the time of his appointment as jury commissioner and, in consequence, was ineligible for the appointment.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, SAYRE, SOMERVILLE, and MILLER, JJ., concur.

SOMERVILLE, J., concurs upon the ground of stare decisis; the question determinative of this appeal being the same as that decided in Johnson v. Craft, 205 Ala. 386, 87 South. 375.

THOMAS, J. (dissenting). The right of holding office by Mr. A. B. Hooper, Jr., a jury commissioner of Marshall county, is challenged by quo warranto. Code, § 5453.

Appellant Hooper was appointed by the Governor as one of the jury commissioners in said county, and his right to hold office is questioned on the ground that he was not a qualified elector, in that he did not pay poll tax as required by statute. Appellant's excuse for not paying poll tax for the years 1918 to 1920, inclusive, was that he served in the military forces of the United States from the 15th day of May, 1918, until the 25th day of June, 1919, and was honorably discharged from such service: that he was not required by law to pay poll tax for said years, being exempt by the amendment to the Constitution of Alabama, section 194½, exempting soldiers and sailors. Appellee contends that this alleged amendment never became a part of the Constitution, for the reason, among others, that the Legislature delegated to the Governor the duty to appoint a day upon which the election on such amendment would be held, and which was done by the Governor; wherefore, appellee says that the proposed amendment was voted upon and received an affirmative vote at the election so called, but was never legally submitted or adopted as provided by the Constitution.

In my dissenting opinion in Johnson v. Craft, 205 Ala. 386, 87 South. 375, 396, 397, I sought to prove by controlling authorities the distinction between legislative power that it may not be delegated, and delegable legislative discretion or administrative functions (205 Ala. 386, 87 South. pp. 384–397); that there is no express provision in the Constitution against the delegation of the administrative function to the Governor to fix the date of the election on proposed amendments to the Constitution, and that such action by the Legislature as to the Road Bond Amendment (Acts 1919, p. 787; Seay's Const. Amendments, p. 14) and the Soldiers and Sailors Poll Tax Exemption Amendment, section 194½, was within the constitutional provisions governing such matter (Sou. Ry. v. St. Clair Co., 124 Ala. 491, 494, 27 South. 23); and that "by the instant resolution or act the Legislature did appoint an exact date for the holding of the election on the proposed amendment, within the time specified in the Constitution, not less than three months after its final adjournment and before the next succeeding general election." Johnson v. Craft, 205 Ala. 386, 87 South. pp. 396, 397.

The Constitution contains the provision that the Legislature shall order an election, etc., to be held (section 284) "either at the general election next succeeding" or upon "another day appointed by the Legislature," and that notice shall be given for the time required "next preceding the day appointed for such election"; and that "on the day so appointed an election shall be held" for the vote of the qualified electors of the state upon the proposed amendments. It is noted

that the words "day appointed" appears three times in the section. The able analysis of the use of this word in the Constitution is made by counsel for appellant as follows:

"If the election is held upon the next general election. it cannot be doubted that it is held upon a day appointed by the Constitution itself. This is self-evident and beyond argument, but it is rendered absolutely certain by the designation by the Constitution itself of the day of the 'next general election', as a day appointed. This appears clearly from the succeeding portions of this section. The notice provided for by publication for eight successive weeks, applies, of course. to elections held at the time of general elections as well as to special elections. This notice, in the language of the Constitution. must be published for 'eight successive weeks next preceding the day appointed for such election.' And, since the requirement applies to elections held at the general election. the designation of such day as 'the day appointed,' is a declaration by the Constitution that its designation of the general election as a day on which an election on said proposed amendment may be held, is the appointment by it of such day. The Constitution proceeds in the next sentence in this section to say: 'On the day so appointed an election shall be held,' etc., thus clearly and explicitly and in terms referring to elections held on the day of a general election, as elections held on a day appointed. and since such elections, if held on the day of a general election are necessarily held under the direction of the Constitution exclusively. they are, if held on a day appointed, held on a day appointed by the Constitution."

From this definition in the Constitution of a day "appointed," as thrice used in section 284, it must follow that the Legislature "did appoint an exact date for holding" the election on the proposed amendment within the time specified by and in the Constitution, whether the date be that of the general election next succeeding the session of the Legislature or upon another day appointed by the Legislature.

In my judgment, it cannot be said that the words "day appointed" in said section—with reference to the duty of the Legislature in the "alternative performance of the duty" of appointment—were used with a "more restricted meaning" as relating to the one clause than in the other: (1) "Order an election * * * to be held * * * at the general election next succeeding * * * or upon another day appointed by the Legislature," and (2) "on the day so appointed" an election shall be held. The word "appointed" as used in that section of the Constitution must be given the same meaning, it not appearing from the context to have had a different meaning. Mayor v. Klein, 89 Ala. 461, 464, 7 South. 386, 8 L. R. A. 369. If the proposed amendment was to be voted upon at the next succeeding general election, it was the day appointed by law—though not

otherwise designated or indicated in the act or resolution of the Legislature proposing the amendment, by the calendar, stating the year, the month, and the day thereof—though such date of "the general election next succeeding the session of the Legislature" be fixed or indicated by other statutes of the state. Dates for special elections designated by the Governor (as I tried to point out in my dissent to Johnson v. Craft) are fixed by the Legislature. That is to say, the date of the special election (Johnson v. Craft, 205 Ala. 386, 87 South. 396–398), on instant amendment was held on a date designated and appointed by the Legislature in manner indicated in section 2 of the Act of September 26, 1919, p. 724, declaring that it shall be the duty of the Governor to fix the date of said election and to give notice of the election by proclamation for the time required by the Constitution.

When, therefore, by section 2 of the said act proposing the amendment, the Governor was clad with the administrative function of indicating the calendar day on which the election should be held, within constitutional limits, and in further prescription contained in section 3 of the act that "at said election, to be held as herein provided, the qualified electors shall vote upon the said amendment," the Legislature did appoint a day for holding the election, in strict conformance with constitutional requirements. Johnson v. Craft, 205 Ala. 386, 87 South. 398, 399. The several dissenting opinions heretofore filed by Justices Somerville and Gardner and the writer in Johnson v. Craft fully answer the several assignments of unconstitutionality now urged against the proposal and adoption of the Soldiers and Sailors Poll Tax Exemption Amendment. Acts 1919, p. 724; section 194½, Seay's Const. Amendments, p. 10.

I am of the opinion that the judgment of the circuit court excluding appellant from office was laid in error, and that the judgment of ouster should be set aside and judgment rendered restoring him to office.

Mr. Justice GARDNER concurs in the foregoing observations and further urges the constitutional adoption of the amendment, in which I concur.

GARDNER, J. (dissenting). The result of the decision of the court in this case is to strike down what is known as the Soldiers and Sailors Poll Tax Amendment, and the conclusion is rested upon the holding of the majority in Johnson v. Craft, 205 Ala. 386, 87 South. 375, in reference to the Road Bond Amendment. From the holding in the latter case the writer dissented, with expression of his views in a separate opinion—to which he still adheres—and while recognizing the binding force of previous rulings of the court, yet

he is unable to agree to an affirmance of the instant case upon that authority for reasons to be briefly stated.

It is conceded, of course, that whether or not an amendment to the Constitution has been constitutionally proposed and adopted as a part of that instrument is a judicial question, and therefore properly for the courts to determine. Nevertheless, it is a perfectly sound rule of law, well established by the authorities, that there does come a time when the courts may decline to consider whether or not a given amendment to the Constitution was in its inception strictly and literally proposed or adopted in the manner provided by the Constitution, and that such a time arrives when the state as a government, and the people as a body politic, have functioned, accepted, and operated under such amendment as a part of the Constitution. This principle was given recognition by the Supreme Court of Minnesota in the case of Secombe v. Kittelson, 29 Minn. 555, 12 N. W. 519, wherein is found the following language:

"This constitutional amendment, proposed and submitted by the Legislature, was adopted by the people as a part of the fundamental law of the state, and subsequently recognized and acted upon as such by every department of the state government. As ultimate sovereignty is in the people, from whom all legitimate civil authority springs, and inasmuch as in the inception of all political organizations it is this original and supreme will of the people which organizes civil government, a court has no right to inquire too technically into any mere irregularities in the manner of proposing, and submitting to the people that which they have solemnly adopted, and subsequently recognized and acted upon, as part of the fundamental law of the state. We doubt whether a precedent can be found in the books for the right of a court to declare void a Constitution, or amendment to a Constitution, upon any such ground."

This principle was also recognized in Miller v. Johnson, 92 Ky. 589, 18 S. W. 522, 15 L. R. A. 524; Taylor's Case, 101 Va. 829, 44 S. E. 754; Brittle v. People, 2 Neb. 198.

Indeed, as I read the majority opinion in Johnson v. Craft, supra, it concedes that there are. authorities to this effect, but indicates the language of the court in Collier v. Frierson, 24 Ala. 100, as being out of harmony with this principle. The amendment under consideration in the Collier Case was proposed by one Legislature, but it was not made to appear that it had been ratified by the people, nor submitted to the succeeding Legislature as the Constitution then in force required, and that case must be viewed in the light of this situation. The language used was entirely proper as applied to that particular status for the claim that the amendment there considered had become a part of the Constitution was without color of right. But here an entirely different question is presented, one involving not a question of substance but of form and procedure; and in the Prohibitory Amendment Cases (24 Kan. 700) Justice Brewer refers to the case of Collier v. Frierson, and points out this distinction, saying:

"But this only brings us to the real question in this case: Is a proposition to amend the Constitution in the nature of a criminal proceeding, in which the opponents of change stand as defendants in a criminal action, entitled to avail themselves of any technical error, or mere verbal mistake; or, is it rather a civil proceeding, in which those omissions and errors which work no wrong to substantial rights are to be disregarded? Unhesitatingly, we affirm the latter. The central idea of Kansas law, as of Kansas history, is that substance of right is grander and more potent than methods and forms. The two important, vital elements in any constitutional amendment, are, the assent of two-thirds of the Legislature, and a majority of the popular vote. Beyond these, other provisions are mere machinery and forms. They may not be disregarded, because, by them, certainty as to these essentials is secured. But they are not themselves the essentials."

Whether the Legislature, or the Governor as the delegated authority of the Legislature, appointed the day for the election cannot be said to present a question of substance, but only of form or procedure, for it is apparent substantial rights have been in no manner affected. An entirely appropriate day was appointed and the election duly held. As disclosed in the opinion of Justice Brewer, in so fundamental a matter as an amendment by the people of their Constitution, form or procedure should not be stressed to the exclusion of substance, for as he so well states, "substance of right is grander and more potent than methods and forms."

This principle here contended for is supported by authority as well as sound reason and common sense, and if it is ever to be given recognition in this state, it appears to the writer that the instant case calls for its application. This amendment was submitted to a vote of the people and ratified by a large majority. It was proclaimed by the Governor as a part of the Constitution. It is common knowledge that the boards of registrars throughout the state have registered thousands of electors under its provisions. The Legislative Department expressly recognized it in Acts Special Session 1920, p. 2, and while the Judicial Department did not pass upon the constitutional question here involved, yet by the decision of this court in Cornelius v. Pruet, 204 Ala. 189, 85 South. 430, it was given force and effect, and rights established thereunder. It is known by every one that thousands participated in the

elections under the belief that they were qualified under the terms of this amendment. The question depends, not so much upon the mere passage of time, as upon the accrual of rights established after the state as a government, and the people as a body politic, have functioned, accepted, and operated under such amendment as a part of the Constitution.

The question here discussed was brought to the attention of the court in Johnson v. Craft, supra, for the first time upon application for rehearing and was considered by the writer in expressing his dissenting views from the holding of the majority, in which dissent reference was made to the amendment now under review, and the effect the decision in that case would have thereon, and, as pertinent here, used the following language:

"By this amendment thousands who served in the Army and Navy during the period of the World War, and who were honorably discharged from such service, and qualified electors, except for the payment of poll tax, were exempted from its payment, and this amendment was proclaimed as a part of the organic law, and the Legislature of this state subsequently ratified and adopted and put it into operation, and the people of the state have accepted and acted upon it as a part of the Constitution, and these men exercise the right of franchise in reliance thereon. This amendment was brought before this court in Cornelius v. Pruet, 85 South. 430; but the question as to its constitutionality was not presented, and therefore not considered. However, we cannot shut our eyes to the fact that evidently the decision in that case was accepted and acted upon by those interested, as well as by other departments of the state, as having met with the approval of the court. That amendment, therefore, in my opinion, has been fully accepted and ratified, and the state government has functioned under the assumption that it was part of the organic law, and should be protected by the foregoing principle."

The opinion of the majority in the instant case, as I understand it, in practical effect repudiates this doctrine. It is, I think, well supported by the authorities, and I find none to the contrary. The case of Collier v. Frierson, cited by the court, treated no question of mere irregularity, and this principle was not then presented or in any manner considered, and as pointed out above in no wise conflicts with this view.

After a more careful study and consideration of the question, I am still more firmly persuaded of the correctness of the foregoing conclusion, and of the soundness of the principle here insisted upon as well as its direct application to this amendment.

I forego further, discussion, and respectfully dissent.

THOMAS, J., concurs.