To the Members of the
House of Representatives
State House
Montgomery, Alabama
Greetings:
We are in receipt of House Resolution No. 166 requesting an advisory opinion of the Supreme Court relating to the following House Bill No. 617:
“HR 166 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H.B. 617.
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we re *1217 spectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 617, a copy of which is attached to this resolution and made a part hereof by reference:
“It is the intent to have the election on the Constitutional Amendment proposed by H.B. 617 at the same time as the Congressional election set for April 4, 1989. Section 284 of the Constitution of Alabama of 1901, as amended by Amendment No. 24, requires that an election on a proposed Constitutional Amendment on a date appointed by the Legislature be set not less than three months after the final adjournment of the session of the Legislature at which the amendment was proposed. Amendment No. 425 does not contain the three-months requirement, only notice of the election by proclamation of the governor to be published once a week for four successive weeks. Do the provisions of Amendment No. 24 or Amendment No. 425 control?
“RESOLVED FURTHER, That the Clerk of the House is hereby directed to send nine true copies of the pending bill, H.B. 617, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.”
“H.617 By Campbell, Willis and Crow
“R1 2/28/89 (At Length)
“RFD Local Legislation No. 1
A BILL TO BE ENTITLED AN ACT
“To propose an amendment to the Constitution of Alabama of 1901, to legalize the operation of bingo games for prizes or money by certain nonprofit organizations for charitable or educational purposes in Calhoun County; and to provide that the provisions of this amendment shall be self-executing.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. The following amendment to the Constitution of Alabama of 1901 is proposed and shall become valid as a part of the Constitution when all requirements of Amendment 425 of the Constitution of Alabama of 1901 are fulfilled:
“PROPOSED AMENDMENT
“The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in Calhoun County, subject to the provisions of any resolution or ordinance by the county governing body or the governing bodies of the respective cities and towns, within their respective jurisdictions as provided by law regulating such operation. The said governing bodies shall have the authority to promulgate rules and regulations for the issuance of permits or licenses and for operation of bingo games, within their respective jurisdictions; provided, however, that said governing bodies must ensure compliance pursuant to said law and the following provisions:
“(a) No person under the age of 19 shall be permitted to play any game or games of bingo, unless accompanied by a parent or guardian; nor shall any person under the age of 19 be permitted to conduct or assist in the conduct of any game of bingo;
“(b) No bingo permit or license shall be issued to any nonprofit organization, unless such organization shall have been in existence for at least 12 months immediately prior to the issuance of the permit or license;
“(c) Bingo games shall be operated only on the premises owned or leased by the nonprofit organization operating the bingo game. If the premises is leased, the rate or rental shall not be based on a percentage of receipts or profits resulting from the operation of bingo games;
“(d) No nonprofit organization shall enter into any contract with any individu *1218 al, firm, association or corporation to have said individual or entity operate bingo games or concessions on behalf of the nonprofit organization, nor shall said nonprofit organization pay consulting fees to any individual or entity for any services performed in relation to the operation or conduct of a bingo game;
“(e) A nonprofit organization shall not lend its name or allow its identity to be used by any other person or entity in the operating or advertising of a bingo game in which said nonprofit organization is not directly and solely operating said bingo game;
“(f) Prizes given by any qualified nonprofit organization for the playing of bingo games shall not exceed the cash amount or gifts of equivalent value, set by the legislature, during any bingo session. The legislature shall set a maximum amount for any calendar week;
“(g) No person or organization, by whatever name or composition thereof, shall take any expenses for the operation of a bingo game except as permitted by law.
“The provisions of this constitutional amendment shall be self-executing, but the legislature shall have the right and power by general, special or local act to adopt laws supplemental to this amendment or in furtherance of the general purposes and objectives herein set forth.
“Section 2. The provisions of this amendment shall have no force and effect unless it shall first be approved by at least three-fifths vote of the elected members of each house and unanimously approved by the local constitutional amendment commission.
“Section 3. Notice of the election and of the proposed amendment shall be given by proclamation of the Governor, which proclamation shall be published once a week for four successive weeks next preceding the day appointed for the election in each newspaper qualified to run legal notices in the county affected.
“Section 4. An election upon the proposed amendment is ordered to be held at the next general, special, or primary election in Calhoun County. The election shall be held in accordance with the provisions of Amendment 425 to the Constitution of 1901, and the general election laws of this state.”
We respond to your question as follows:
Amendment No. 425 to the Alabama Constitution of 1901 controls the election where a proposed Constitutional amendment affects only one county. It provides:
“ADOPTION OF PROPOSED CONSTITUTIONAL AMENDMENTS AFFECTING ONLY ONE COUNTY.
“Any proposed constitutional amendment which affects or applies to only one county shall be adopted as a valid part of the constitution by a majority vote of the people of the county and in any political subdivision thereof so affected, provided that such proposed amendment has first been unanimously approved by at least a three-fifths vote of the elected members of each house and unanimously approved by a local constitutional amendment commission composed of the governor, lieutenant governor, attorney general, secretary of state and speaker of the house of representatives and notice of such election, together with the proposed amendment shall be given by proclamation of the governor, which proclamation shall be published once a week for four successive weeks next preceding the day appointed for the election in each newspaper qualified to run legal notices in the county affected. The proposed local constitutional amendment shall then be approved by a majority vote of the qualified electors of the county and in any political subdivision thereof affected by such proposed amendment voting in a referendum election held for the purpose of determining if such proposed amendment shall become adopted as a valid part of the Constitution.”
Amendment No. 24 to the Constitution addresses the manner of proposing amendments to the Constitution generally and until the adoption of Amendment No. 425 the constitution did not provide a different *1219 procedure where only one county was affected by the proposed amendment. H.B. 617 proposes an amendment to the Constitution that will affect only Calhoun County.
Amendment No. 425 changed the method of approving or disapproving an amendment to the Constitution where only one county is affected by the amendment. It was proclaimed ratified by the Governor on November 17, 1982 (Proclamation Register No. 4, p. 94). After that date it provides the method for holding elections to approve or disapprove any proposed Constitutional amendment that affects or applies to only one county.
Respectfully submitted,
SONNY HORNSBY
Chief Justice
HUGH MADDOX
RENEAU P. ALMON
JANIE L. SHORES
OSCAR W. ADAMS, Jr.
GORMAN HOUSTON
HENRY B. STEAGALL, II
MARK KENNEDY
Justices