DANIEL B. McKEE, Respondent, *v.* THE PRESIDENT, MAN-
AGERS AND COMPANY OF THE DELAWARE AND HUDSON CANAL
COMPANY, Appellant.

A riparian owner who retains or stores the waters of a natural stream and
discharges them in such quantities as to overflow its banks and injure
the lands of a riparian owner below, is liable as for a trespass for the
damages occasioned thereby, and may be restrained therefrom by
injunction.

In an action brought by plaintiff to recover damages for the flooding of
his lands and for a permanent injunction, it appeared that defendant,
a canal company, retained the waters of a natural stream on its lands
by a dam; in dry seasons, in the use of the stream as a feeder for its
canal, it discharged the water in such quantities that it overflowed its
banks, causing injury to the lands of plaintiff, who was the riparian
owner below. Defendant had never acquired the right to such use of
the stream by condemnation proceedings, or otherwise. *Held,* that
plaintiff was entitled to the relief sought; and that the special provision
for assessing damages in such cases, contained in defendant's charter
(§ 10, chap. 238, Laws of 1823), did not deprive plaintiff of his remedy
at law or in equity.

Reported below, 52 Hun, 52.

(Submitted December 19, 1890; decided January 13, 1891.)

APPEAL from judgment of the General Term of the Supreme
Court in the third judicial department, entered upon an order
made March 16, 1889, which affirmed a judgment in favor
of plaintiff entered upon a decision of the court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Thornton A. Niven* for appellant. The plaintiff is not
entitled to recover unless he establishes negligence on the part
of the defendant in the management and use of its dam and the
water drawn therefrom. (*Cuddeback* v. *D. & H. C. Co.*, 20
Wkly. Dig. 454.) In the absence of any evidence of negligence,
the plaintiff cannot recover unless he can show that the defend-
ant has exercised its rights of holding back and discharging
water in a wanton, vexatious or malicious manner. (*Selden* v.

*D. & H. C. Co.*, 29 N. Y. 641.) The plaintiff is confined to his remedy by assessment of damages as provided by sections 9 and 10 of the defendant's charter, and, therefore, cannot maintain this action. (*Calking* v. *Baldwin*, 4 Wend. 667; *Selden* v. *D. & H. C. Co.*, 29 N. Y. 641.)

*T. F. Bush* for respondent. The plaintiff is the owner of the farm, including the bed of the stream running through it, and cannot be divested of the right to enjoy it in its natural condition, even for a strictly public use, without compensation, and a legislative enactment that would accomplish that result would be repugnant to the Constitution, and void. (*Radcliffe* v. *Mayor, etc.*, 4 N. Y. 195.) There is no question of negligence in the case. (*Hay* v. *C. Co.*, 2 N. Y. 159; *Pixley* v. *Clark*, 35 id. 520; *Selden* v. *D. & H. C. Co.*, 24 Barb. 362.) The provisions of sections 9 and 10 of the defendant's charter, for ascertaining amount of damages, do not bar a common-law action. (Laws of 1823, chap. 238; *Crittenden* v. *Wilson*, 5 Cow. 165; *Selden* v. *D. & H. C. Co.*, 24 Barb. 362; *Calkins* v. *Baldwin*, 4 Wend. 667; *S. R. Co.* v. *R. R. Co.*, 5 Hill, 170; *Trustees* v. *R. R. Co.*, 3 id. 567; *Fletcher* v. *R. R. Co.*, 25 Wend. 462; *Farnham* v. *D. & H. C. Co.*, 11 P. F. Smith, 255; *Gibbs* v. *C. Ins. Co.*, 13 Hun, 614; *D. & H. C. Co.* v. *P. C. Co.*, 50 N. Y. 250; *Bloodgood* v. *M. & H. R. R. Co.*, 18 Wend. 1–18; *Selden* v. *C. Co.*, 29 N. Y. 637; *People ex rel.* v. *T. P. Co.*, 2 Johns. 190.)

O'Brien, J. This was an action of an equitable character to restrain the defendant from discharging water upon the plaintiff's land through the means of a dam or reservoir constructed to store water for the use of its canal. The case was tried by the court with the aid of a jury. The plaintiff recovered damages, and the equitable relief claimed was granted, and the General Term has sustained the decision. The judgment rests on the following facts found by the trial court: In the year 1851 the plaintiff became the owner and went into the possession of the farm, for the alleged injury to which

the damages were recovered. It embraced some thirty or forty acres of low, flat land through which flowed a stream or small brook, about six inches deep and from three to six feet wide. The land on both sides of the stream was marshy, and the plaintiff straightened the course of the stream and made it somewhat wider and deeper, and then by a system of drainage through the flat land and into the stream thus enlarged, the land was reclaimed and became valuable for agricultural purposes. After the land became so improved, the defendant, in the year 1871, constructed its dam and reservoir across this stream on its own land, at a point above the lands of the plaintiff. This dam was used for the purpose of retaining and holding back the water in dry seasons, from which it was discharged through the stream on plaintiff's land into the Neversink river, and from thence into defendant's canal below. The defendant in fact used the brook that ran through the plaintiff's farm as a feeder, through which water was discharged from the dam above into the canal. At certain seasons of the year, during the period of canal navigation, the defendant discharged the water in much larger quantities than would otherwise naturally flow in the stream, and to such an extent that its banks were overflowed, and the ditches constructed by plaintiff to drain the land filled and rendered useless and the flat land submerged and rendered untillable, and the crops thereon destroyed. To prevent these injuries to plaintiff's land a perpetual injunction was granted against the use of the stream as a feeder for the canal to discharge water through it in quantities greater than would naturally flow therein. It was not claimed that the injuries were caused by any want of skill or negligence on defendant's part in the construction of the dam or reservoir, but to the fact that more water was discharged by defendant into the stream than it was capable of carrying off without overflowing the adjoinings lands. The defendant had never acquired the right to use this stream for the purpose of conducting water to the canal by condemnation proceedings or otherwise. The discharge by the defendant of water upon plaintiff's land in the manner found was an injury in the

nature of a trespass, for which the plaintiff was entitled to recover his damages and to restrain in the future by injunction. It is the case of a riparian owner above who has detained or stored the water of a natural stream and then discharged it into the stream in such quantities as to overflow the lands and injure the riparian proprietor below. Cases are cited by the defendant to the effect that where a dam is constructed by legislative authority, the party constructing it is not liable for damages caused by overflow or percolation in its use. That principle has no application to this case. If the plaintiff's land had been damaged by water which percolated or accidentally escaped from this dam without any neglect or fault on the part of the defendant then these cases would probably apply. But here the defendant intentionally pours water upon the land of an adjoining owner, because the water is discharged into a stream running through his land in such quantities that the channel of the stream cannot carry it away. If it should open its canal at some point and intentionally overflow adjoining land, causing damage, it would be no answer to a suit by the owner to show that the canal at this point was well and skillfully constructed, and that it was authorized by the legislature. It is quite true that the defendant's agents are not moved by any malice toward the plaintiff or any actual intention to injure him, but still, they perform acts that have that result. In such cases an action will lie at the suit of the injured party. (*St. Peters* v. *Denison*, 58 N. Y. 416; *Noonan* v. *City of Albany*, 79 id. 470; *Sipple* v. *State*, 99 id. 284; *Vernum* v. *Wheeler*, 35 Hun, 53; *Scriver* v. *Smith*, 100 N. Y. 471; *Silsby Mfg. Co.* v. *State*, 104 id. 562.)

The special provision for assessing damages in such cases contained in the defendant's charter (Laws 1823, chap. 238, § 10) does not deprive the plaintiff of the remedy by suit at law or in equity.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.