# Richmond

**VIOLA MORRIS v. ELIZABETH RIVER TUNNEL DISTRICT AND ELIZABETH RIVER TUNNEL COMMISSION.**

January 15, 1962.

Record No. 5345.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

*Herbert K. Bangel* (*A. A. Bangel; Bangel, Bangel & Bangel,* on brief), for the plaintiff in error.

*Thomas W. Moss, Jr.* (*Parsons, Stant & Parsons,* on brief) for the defendants in error.

Eggleston, C. J., delivered the opinion of the court.

Viola Morris filed a motion for judgment against the Elizabeth River Tunnel District, denominated "a political subdivision of the State of Virginia," and the Elizabeth River Tunnel Commission, "the governing body" of the District, to recover compensation for damages to a certain lot and building owned by her and located in the city of Portsmouth, resulting from the construction of a tunnel "for public use and purposes" by the defendants. The motion alleged that during the "excavating, pumping and working on the tunnel" the plaintiff's building was greatly damaged, and that she is "entitled to compensation for said damages by the law of the land in pursuant to Section 58 and Section 6 of the Constitution of Virginia."

The defendants filed a general demurrer averring that the motion was "insufficient in law" and that they were "not amenable to this suit." The lower court entered an order sustaining the demurrer and dismissing the motion and the plaintiff has appealed.

While the assignment of error attacks in general terms the ruling of the lower court, the issues as developed in the briefs and oral argument present these questions: (1) Is this a tort action from which the District and the Commission as agencies of the State are immune? (2) If the action is maintainable, must it be brought in the Circuit Court of the city of Richmond? In our view, both questions should be answered in the negative.

It is true that in *Elizabeth River Tunnel District* v. *Beecher,* 202 Va. 452, 457, 117 S. E. 2d 685, 689, we held that in operating a shuttle bus service the District "was performing an essential governmental function * * * , and was thus immune from any action predicated on tort liability." But the present action is not predicated on tort liability or negligence. It is a suit to recover compensation for damages done to the plaintiff's property during the construction of a tunnel "for public use and purposes." It is based on the provision in § 58 of the Constitution of Virginia that the General Assembly "shall not enact any law whereby private property shall be taken *or damaged* for public uses, without just compensation, * * * ." (Emphasis added.)

By Act of 1942, ch. 130, p. 168, the General Assembly created the Elizabeth River Tunnel District, a political subdivision of the State, and the Elizabeth River Tunnel Commission as the governing body of the District. It gave the Commission the power of eminent domain and authorized it to construct a tunnel for vehicular traffic under

the Elizabeth river between the cities of Norfolk and Portsmouth. Section 16 of the Act provided that in carrying out their corporate purposes the District and the Commission "will be performing an essential governmental function." (Acts 1942, ch. 130, p. 177.) The District was permitted to sue and be sued.

By Act of 1956, ch. 285, p. 338, the Commission was authorized to construct an additional tunnel for the same purpose between the same cities. It was during the construction of this tunnel that the damage was done to the plaintiff's property for which she claims "just compenastion" by virtue of the above constitutional provision.

*Heldt* v. *Elizabeth River Tunnel District,* 196 Va. 477, 84 S. E. 2d 511, like the present suit, was an action to recover compensation for damages done to property during the construction of the first tunnel. We held that the right of recovery under § 58 of the Constitution of compensation for damage done to property by an agency clothed with the power of eminent domain in effecting a public improvement is not predicated upon proof of negligence, but that the purpose of the constitutional provision is to "guarantee to an owner just compensation both where his property is *taken* for public uses and where it is *damaged* for public uses, irrespective of whether there be negligence in the taking or the damage." 196 Va., at page 482, 84 S. E. 2d, at page 514.

We further pointed out that, "It is well settled that such a constitutional provision is self-executing and the landowner may enforce his constitutional right to compensation in a common-law action. 18 Am. Jur., Eminent Domain, § 384, p. 1028; *Swift & Co.* v. *City of Newport News,* 105 Va. 108, 114, 115, 52 S. E. 821, 3 L. R. A., N.S., 404." 196 Va., at page 482, 84 S. E. 2d, at page 515.

Accordingly, we hold that this is not a tort action and that the District and the Commission are not immune therefrom.

█ The argument advanced on behalf of the defendants that this action may be brought only in the Circuit Court of the city of Richmond is also without merit. While that contention is not clearly defined in the briefs, it seems to be that the plaintiff's claim here is essentially one against the Commonwealth which should have been presented to the State Comptroller under the provisions of Code, § 2-193, and if disallowed by him, the plaintiff should have petitioned the Circuit Court of the city of Richmond for relief under Code, § 8-752, or else should have sued the State Comptroller or the District and the Commission in that court under the provisions of §§ 8-38(9) and 8-40.

Code, § 2-193, as amended by Acts 1960, ch. 240, p. 310, provides that, "Any person having any pecuniary claim against the Commonwealth upon any legal ground may present the same to the Comptroller." Sections 2-201 and 2-202 direct the Comptroller to issue a warrant payable out of the State treasury for any claim approved by him.

Code, § 8-752, provides that, "When the Comptroller shall disallow, either in whole or in part, any such claim against the Commonwealth as is provided for by § 2-193, the person presenting such claim may petition the circuit court of the city of Richmond for redress." Sections 8-753—8-756 provide for the defense, hearing and trial of any such claim.

Section 186 of the Constitution and Code, § 2-200, provide that, "No money shall be paid out of the State treasury except in pursuance of appropriations made by law."

Thus, it plainly appears that the claims dealt with in Code, §§ 2-193, 8-752, 8-38(9) and 8-40, relied on by the defendants, are those which are payable out of the State treasury in pursuance of appropriations made by law.

In the present case the plaintiff is not asserting a claim of the nature covered by the statutes relied on. The General Assembly has made no appropriation for the payment of such a claim out of the State treasury. Nor have we been pointed to any legislative act which binds the Commonwealth to pay this or any other obligation of the District or the Commission. On the contrary, the Act creating these bodies authorizes the Commission to issue "revenue bonds of the District for the purpose of paying all or a part of the cost of the project." (Acts 1942, § 10, p. 173.) The Act further provides that such bonds "shall not be deemed to constitute a debt * * * of the State of Virginia." (Acts 1942, § 4, p. 170.) Clearly, the claim of the plaintiff for compensation for damages done to her property in the construction of the tunnel is "a part of the cost of the project" which must be paid out of such revenue bonds without any obligation therefor on the Commonwealth.

In support of their contention that this is a suit against the Commonwealth which must be brought in the Circuit Court of the city of Richmond, the defendants rely upon our recent opinion in *Davis, Commissioner* v. *Marr*, 200 Va. 479, 106 S. E. 2d 722. In that case we held that since the State Highway Commission is an administrative department of the State, a suit against it for breach of contract is essentially against the Commonwealth and cognizable only in the

Circuit Court of the city of Richmond. (200 Va., at page 485, 106 S. E. 2d, at page 726.) However, such a claim against the State Highway Commission is payable from the State treasury out of appropriations made for the purpose. But neither the District nor the Commission is a department of the State. Nor, as we have seen, are claims against either of them paid from the State treasury.

Nor does it follow that because the Act creates the District as a political subdivision of the State and the Commission as the governing body of the District, and delegates to them the performance of "an essential governmental function," the obligations of these bodies are obligations of the Commonwealth. No one would seriously contend that because a county, city or town is a political subdivision of the Commonwealth and performs essential governmental functions its obligations are *ipso facto* the obligations of the Commonwealth and a claim against any of them is a claim against the Commonwealth.

We hold that the present action against the District and the Commission is not a suit against the Commonwealth and cognizable only in the Circuit Court of the city of Richmond under §§ 8-38(9) and 8-40 of the Code.

It follows that the lower court erred in sustaining the demurrer to and dismissing the motion for judgment. Accordingly, the judgment is reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*