LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Sydnor & Hundley, Inc.

v.

Richmond Metropolitan Authority

February 5, 1970

By JUDGE ROBERT LEWIS YOUNG

The demurrer in this case raises two questions, whether this court has jurisdiction and whether on the facts stated damages are recoverable. The question of jurisdiction may be raised by demurrer if the Motion for Judgment shows upon its face that no jurisdiction exists. 11 M.J. Jurisdiction § 34.

Plaintiff alleges that by eminent domain defendant took certain premises of which it was lessee, causing it to incur heavy removal expenses. The Motion for Judgment herein further alleges that title to the premises was taken by defendant pursuant to an order entered November 21, 1968, by the Hustings Court of the City of Richmond in a suit, obviously a condemnation proceeding, styled, "Richmond Metropolitan Authority, a political subdivision and public body corporate of the Commonwealth of Virginia, petitioner, v. Anne R. Ricks Griffin, and others." I am told that plaintiff is participating in that suit, but I do not know this as a matter of record. After all, this is a demurrer, not a plea of other suit pending.

In this State a common law action may be maintained against the condemnor under certain circumstances. The leading case on the subject seems to be Southern Ry. Co. v. Fitzpatrick, 129 Va. 246, at p. 253 (1921), wherein it was said as follows:

If the owner of private property, which is damaged but not taken, is not a party to the proceeding to condemn the property of another, and his rights have not been passed upon, he may maintain an action at law to recover just compensation. The right to recover such compensation is not restricted to the proceeding in which the right of eminent domain is exercised.

For a more recent statement of the rule see Heldt v. Tunnel District, 196 Va. 477, at p. 482 (1954), also Morris v. Tunnel District, 203 Va. 196, at p. 198 (1962).

The text in 30 C.J.S., Eminent Domain, Sec. 400, p. 480, is as follows, citing Virginia cases:

As a general rule, except where an exclusive remedy has been provided by statute, the owner of the property appropriated or injured for a public use without just compensation having been made may maintain an action at law for the damages sustained thereby . .

The text in 27 Am. Jur. 2d, Eminent Domain, Sec. 482, p. 420, seems to indicate that a common law action may be maintained where "the injury is not so severe as to constitute a taking in the constitutional sense . . ."

The strict rule as to the exclusiveness of the statutory remedy given in Nichols on Eminent Domain, 3rd ed., Vol. 6, Sec. 24.2(3), pp. 50 et seq., is said to rest upon the proposition that the common law gave no remedy in situations of this kind. This may be true, but we must take into consideration the decisions of our own Court of Appeals interpreting the "self-executing" provisions of the Virginia Constitution, as amended in 1902.

It is true that in Eriksen v. Anderson, 195 Va. 655, at p. 661 (1954), our Court said that "[t]he

eminent domain statutes provide adequate and sufficient remedy for the taking and damaging of private property in a lawful manner." However, that case involved an unsuccessful attempt by owners to compel by mandamus the institution of a condemnation suit for alleged wrongful acts of the employees of the Highway Department. It is interesting to note that petitioners were given leave "to take such other action as they may deem necessary in the premises" (at p. 662).

Virginia Code Section 25-46.21:1 gives certain lessees permission to participate in condemnation proceedings against his lessor to a limited extent. See Realty Corporation v. City of Norfolk, 199 Va. 716, at pp. 724, 725 (1958). It is not expressly made the lessee's exclusive remedy. I conclude, therefore, that this court has jurisdiction of this action.

As to the second question, namely, whether removal costs are recoverable, it may be conceded that the general rule in this country is to the effect that they are not. Nichols, op. cit., Vol. 4, Sec. 14.247(2), pp. 667 et seq. The author there points out (at p. 672), however, that where the constitutional provision is like ours, such damages may be recovered, citing Richmond v. Williams, 114 Va. 698 (1913). See also the article entitled "The Condemnation of Leasehold Interests" by Professor Polasky, published in 48 Virginia Law Review, p. 477, at p. 527, also noting City of Richmond v. Williams, supra. I conclude, therefore, that a tenant's removal costs are recoverable in this State.

At this stage of the case I do not reach the question whether plaintiff is limited to the amount mentioned in Virginia Code Section 33-67.3(b).

A draft of an order overruling the demurrer may be presented.