### Richmond

#### LAWRENCE E. CHAFFINCH

v.

#### THE CHESAPEAKE & POTOMAC TELEPHONE COMPANY OF VIRGINIA, INCORPORATED

Record No. 811630.

March 9, 1984.

Present: All the Justices.

*Fielding L. Logan, Jr.*, for appellant.
*Michael A. Cleary (James F. Johnson; Woods, Rogers, Muse, Walker & Thornton*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The question framed on this appeal is whether a declaratory judgment proceeding is the exclusive remedy available to a landowner whose property has been damaged by a public service company vested with the power of eminent domain.

Lawrence E. Chaffinch, a homeowner, filed a motion for judgment sounding in tort and claiming compensatory and punitive damages against the Chesapeake & Potomac Telephone Company

of Virginia, Incorporated (C & P), a public service company authorized to condemn private property. Code §§ 56-1, -464. Chaffinch alleged that C & P came upon his land and cut his shrubbery without his consent; that he protested the action orally and later served written notice forbidding C & P to return; that C & P disregarded his instructions and reentered his property; and that such conduct constituted a criminal offense under Code § 18.2-119.[1] The record does not disclose whether C & P owned an easement across Chaffinch's lot.

C & P moved to dismiss "on the ground that plaintiff's exclusive remedy is an action for a declaratory judgment". The trial court sustained the motion, and we granted Chaffinch an appeal.

Analysis of the issue before us requires a review of the development of the law of "inverse condemnation". The Commonwealth has always had sovereign power to take private property for a public use, and the private owner has always enjoyed the constitutional right to just compensation for the value of the property taken. But the owner had no constitutionally defined right to compensation for damages caused to his property by the sovereign until the adoption of the Constitution of 1902. Considering the effect of the change in the just-compensation provision, this Court held that "the provision is self-executing, and the common law, which provides a remedy for every wrong, will furnish the appropriate action for the redress of such grievance." *Swift & Co.* v. *Newport News*, 105 Va. 108, 114-15, 52 S.E. 821, 824 (1906).

Citing this rule in later cases, we upheld the right to invoke common-law remedies to enforce the new constitutional guarantee of compensation for private property damaged for public use by political subdivisions of the Commonwealth. *Nelson County* v. *Coleman*, 126 Va. 275, 101 S.E. 413 (1919); *Nelson County* v. *Loving*, 126 Va. 283, 101 S.E. 406 (1919); *Heldt* v. *Tunnel Dis-*

---

[1] **§ 18.2-119. Trespass after having been forbidden to do so; penalties.**—If any person shall without authority of law go upon or remain upon the lands, buildings or premises of another, or any part, portion or area thereof, after having been forbidden to do so, either orally or in writing, by the owner, lessee, custodian or other person lawfully in charge thereof, or after having been forbidden to do so by a sign or signs posted by such persons or by the holder of any easement or other right-of-way authorized by the instrument creating such interest to post such signs on such lands, structures, premises or part, portion or area thereof at a place or places where it or they may be reasonably seen, he shall be guilty of a Class 1 misdemeanor. This section shall not be construed to affect in any way the provisions of §§ 18.2-132 through 18.2-136, and § 29-170 of this Code.

*trict*, 196 Va. 477, 84 S.E.2d 511 (1954); *Morris* v. *Tunnel District*, 203 Va. 196, 123 S.E.2d 398 (1962).

Six years following our decision in *Morris*, the General Assembly enacted Code § 8-581.1. Acts 1968, c. 782. Recodified as § 8.01-187, Acts 1977, c. 617, this statute provides:

> Whenever it is determined in a declaratory judgment proceeding that a person's property has been taken or damaged within the meaning of Article I, § 11 of the Constitution of Virginia and compensation has not been paid or any action taken to determine the compensation within sixty days following the entry of such judgment order or decree, the court which entered the order or decree may, upon motion of such person after reasonable notice to the adverse party, enter a further order appointing commissioners to determine the compensation. The appointment of commissioners and all proceedings thereafter shall be governed by the procedure prescribed for the condemning authority.

By final judgment entered June 25, 1981, the trial court ruled that this statute was the "exclusive remedy, where plaintiff alleges that his property has been taken by a condemning authority". In support of that ruling, C & P argues on brief that Chaffinch's claim "is based upon the alleged uncompensated taking or damaging of his property for a public use" and that, since C & P "has been granted the power of eminent domain", Chaffinch's "*sole* recourse is an 'inverse' condemnation proceeding" under the provisions of § 8.01-187 and the condemnation statutes. We do not agree.

■ We have expressly declared that the statute in question "disturbs no vested rights and creates no new obligation. It merely supplies *another remedy* to enforce existing rights." *Stroobants* v. *Highway Comm.*, 209 Va. 275, 277, 163 S.E.2d 192, 194 (1968) (emphasis added). And in a more recent appeal involving an inverse condemnation claim against a political subdivision, we reaffirmed the rule upholding common-law rights of action announced in *Swift & Co.* and applied in other cases pre-dating enactment of the statute. *Burns* v. *Board of Supervisors*, 218 Va. 625, 238 S.E.2d 823 (1977).

■ The just-compensation clause of the Virginia Constitution, Article I, § 11, constitutes a waiver of sovereign immunity

from inverse condemnation claims, and Code § 8.01-187 creates a statutory mechanism for the enforcement of such claims. Thus, when an inverse condemnation claim is asserted against the sovereign or one of its agencies or political subdivisions, there is some logic in the argument that the statutory mechanism was intended to be the sole remedy available.[2] But the logic fails altogether when the claim is one asserted against other parties. Public service companies have never enjoyed immunity from liability for damaging private property, the power of eminent domain entrusted to them by Code § 56-464 confers none, and we find nothing in the language of Code § 8.01-187 or the annals of legislative history which reflects legislative intent to immunize them from actions at common law.

This statute was first added to the Declaratory Judgments Act soon after our analysis of that Act in *Williams* v. *Bank of Norfolk*, 203 Va. 657, 125 S.E.2d 803 (1962). There, we said:

> Declaratory judgments "are intended to supplement rather than to supersede ordinary causes of action and to relieve litigants of the common law rule that no declaration of rights may be judicially adjudged until a right has been violated. Preventive relief is the moving purpose. Whether or not jurisdiction shall be taken is within the sound discretion of the trial court. Something more than an 'actual controversy' is necessary. In common cases where a right has matured or a wrong has been suffered, customary processes of the court, where they are ample and adequate, should be adopted."

*Id.* at 662, 125 S.E.2d at 806-07 (quoting *American Nat. Bk.* v. *Kushner*, 162 Va. 378, 386, 174 S.E. 777, 780 (1934)). In *Morris* v. *Tunnel District, supra*, an inverse condemnation case decided earlier the same year, we had recognized a common law right of action. The General Assembly was aware of these decisions when it enacted Code § 8.01-187, and we believe that if it had intended the statutory proceeding "to supersede ordinary causes of action", it would have said so on the face of the statute. It did not, and we will not assume that the omission was an oversight.

██ Rather, we join courts in sister states which have held that a statutory remedy does not preempt common law remedies against a non-sovereign entity vested with the power of eminent

---

[2] This argument was not asserted by the sovereign in *Stroobants* or *Burns*.

domain unless the statute, expressly or by necessary implication, so provides. *See, e.g., Chicago & I. Coal Ry. Co.* v. *Hall*, 135 Ind. 91, 34 N.E. 704 (1893); *McKee* v. *Delaware & H. Canal Co.*, 125 N.Y. 353, 26 N.E. 305 (1891); *McDaniel* v. *Greenville-Carolina Power Co.*, 95 S.C. 268, 78 S.E. 980 (1913). Accordingly, we hold that the trial court erred in its ruling that the remedy Chaffinch invoked was foreclosed by the remedy defined in Code § 8.01-187, and we will reverse the judgment and remand the case for a trial on the merits.

*Reversed and remanded.*