## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jerry F. McDonnell

v.

Hampton Roads Sanitation District et al.

May 1, 1984

Case No. (Law) 11,920

By JUDGE BERNARD G. BARROW

This is an action by a landowner against Hampton Roads Sanitation District for damage caused by overflows of sewerage onto his property. A jury returned a verdict of $100,000 in compensatory damages and $30,000 in punitive damages. The defendant has moved to set aside this verdict and enter judgment for the defendant or grant a new trial.

It contends that (1) this suit is barred by the defendant's sovereign immunity; (2) the evidence was insufficient that the plaintiff's property was damaged by the overflow; (3) the defendant is not liable for punitive damages; (4) this suit is barred by the Statute of Limitations; (5) it is barred by prescription; (6) the defendant did not trespass; and (7) it was error to admit evidence that defendant did not have an NPDES permit to discharge the sewerage. I have concluded that the verdict awarding punitive damages should be set aside, but that the motion to set aside the verdict for compensatory damages should be denied.

### Sovereign Immunity

The defendant is a political subdivision of the Commonwealth of Virginia. See *Hampton Roads Sanitation District Commission* v. *Smith*, 193 Va. 371 (1952). Thus, when performing an essential governmental function, it

is immune from an action predicated on tort liability. See *Elizabeth River Tunnel District v. Beecher*, 202 Va. 452 (1961).

However, it may be sued for damaging another's property without compensation when carrying out a public purpose and where the action is not based on tort liability or negligence. (See *Morris v. Elizabeth River Tunnel District*, 203 Va. 196 (1962). Even the "King cannot license the erection or commission of a nuisance (sewer overflowing into a private cellar)." *Chalklay v. Richmond*, 88 Va. 402, 409 (1891).

The plaintiff's evidence did not present an issue of negligence. The overflow of sewerage was not caused by an accidental or inadvertent act.

The overflows occurred on various occasions through a valve installed in the sewerage collection system. The valve was located in a pipe which led to and was adjacent to the defendant's pump station. During times of heavy rains the volume of flow leading to the pump station would exceed its capacity. The valve would then be opened to divert the flow out of the pipe and onto the plaintiff's property. The valve was deliberately installed to accomplish this specific purpose and to prevent sewerage from backing up in the collection system leading to the pump station.

This was not an action based on the defendant's negligence to which the plea of sovereign immunity would be a bar. Instead, it was an action arising out of the defendant's damaging plaintiff's property without compensation during the course of the exercise of its governmental function. Therefore, the defendant's plea of sovereign immunity should be denied.

### Causation

The defendant contends that there was no evidence from which the jury could determine with reasonable certainty the damage to the plaintiff's property caused by the defendant. It points to surface water run-off, tidal backflow from an adjacent body of water, and earlier by-passes of sewerage prior to the plaintiff's purchase of this property as other causes of damage to the property.

In a similar case plaintiffs sued a railroad for damage to their property resulting from smoke and gases from the operation of the railroad's nearby yards. *Southern*

*Railway Co. v. McMenamin*, 113 Va. 121 (1912). The railroad responded that there was other smoke to which the property was exposed, but for which the railroad was not liable. *Ibid.* at 129. The Supreme Court concluded that in determining damages:

> Absolute certainty in such cases is not attainable, and is not required. The injured party cannot be denied the right to recover because he cannot show the exact amount with certainty, although he is ready to show, to the satisfaction of the jury, that he has suffered large damage. Where, from the nature of the case, the amount of damage cannot be ascertained with certainty, there is no objection to placing before the jury all the facts and circumstances of the case having any tendency to show damages, or their probable amount, so as to enable them to make the most intelligible and probable estimate which the nature of the case will admit. *Ibid.* at 129.

In this case evidence of the date and quantity of each discharge of sewerage complained of by the plaintiff, lay and expert visual observations of the aftermath of the discharges, detailed and conflicting expert scientific analyses of the condition of the plaintiff's property, and conflicting, expert appraisals of the diminution in the value of the plaintiff's property as a result of its condition were all presented to the jury.

The exact quantity of untreated sewerage discharged onto the plaintiff's property was presented without contradiction. The defendant did not dispute that the value of the plaintiff's property had been significantly diminished by the pollution to which it had been subjected, although opinion differed as to amount. Scientific studies were employed to evaluate the impact of the pollution on the property.

It would have been impossible to present any more definition of the extent and cause of damage than was done. All the facts and circumstances tending to show the damage, its cause and amount were placed before the jury.

The evidence was sufficient for the jury to determine

the cause of damages. Any question of causation was properly a jury question and was, therefore, submitted to them.

## Punitive Damages

The jury was instructed that if they found the defendant's trespass willful, they might then award punitive damages "to punish the defendant for its actions and to serve as an example to prevent others from acting in a similar way." The jury returned a separate verdict awarding the plaintiff punitive damages in the amount of $30,000.

If the defendant had been a private individual or enterprise, the plaintiff would have been entitled to recover punitive damages for a willful trespass. *Barnes v. Moore*, 199 Va. 227 (1957). Some jurisdictions also allow a recovery of punitive damages against a municipal corporation. Annot. 1 A.L.R.4th 448 (1980). However, the vast majority of jurisdictions are not inclined to award punitive damages against a municipality. See *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260 (1981).

An award of punitive damages against a municipal government does not punish the wrongdoer. Instead it punishes only the taxpayer who took no active part in the wrongful act. Thus, it becomes simply a windfall to a plaintiff who has already been fully compensated. Furthermore, it does not deter future misconduct as effectively as a personal action against the offending municipal official would, and it may on occasions risk the financial integrity of the municipal government.

Hampton Roads Sanitation District is a political subdivision of the Commonwealth of Virginia. 1960 Va. Acts. Ch. 66. The rationale denying punitive damages to municipal corporations applies equally to the defendant and its ratepayers who, although not at fault, would be required to pay an already fully compensated plaintiff.

Therefore, the plaintiff should not be allowed to recover punitive damages against this defendant, and the separate jury verdict awarding such damages should be set aside.

## Statute of Limitations

The defendant contends that the plaintiff's cause of action accrued with its first discharge in 1969 and is, therefore, barred by the five year limitation contained in § 8.01-243 of the Virginia Code. However, since each discharge was a separate actionable event, the plaintiff is entitled to seek recovery for damage from each discharge during the five years preceding the filing of suit. See *Norfolk & Western Ry. Co.* v. *Allen*, 118 Va. 428 (1916). No damage was sought for discharges occurring before this; therefore, the plaintiff's action was not barred by the Statute of Limitations.

## Prescription/Dedication

The defendant claims a prescriptive easement to discharge sewerage onto plaintiff's property. Such a claim requires a period of use for at least 20 years. *Robertson* v. *Robertson*, 214 Va. 76 (1973). Its first discharge was in 1969, less than 20 years ago; therefore, no prescriptive easement has been acquired.

The defendant suggests that the owner dedicated the plaintiff's property to the public for the overflow of sewerage. Although dedication may be implied from the acts of the owner, such acts must be "unmistakable to show the intention of the landowner to permanently give up his property." *Bradford* v. *Nature Conservancy*, 224 Va. 181 (1982). No evidence of any such acts was offered, and the defendant makes no reference to any such acts.

Therefore, the plaintiff's claim is not barred by either a prescriptive easement or dedication.

## Defendant's Trespass

The defendant contends that it did not trespass since the overflow came from the collector lines of the City of Virginia Beach before entering its pump station. However, the question is not where the flow originated from, but who caused the flow, thus committing the trespass. The flow came from a by-pass valve operated by the defendant to prevent excess flow from entering the pump station. Thus, the defendant's trespass occurred

when it caused the overflow value to operate and discharge sewerage on the plaintiff's property.

## NPDES Permit

The court admitted evidence that the defendant did not have a permit required by the Federal Water Pollution Control Act for a discharge from its by-pass valve. It claims that this was error and highly prejudicial.

Since the court instructed the jury that the defendant had committed a trespass, the presence or absence of an NPDES permit could not have affected the jury's decision with respect to liability for compensatory damages. It could only have affected their decision with respect to the amount of punitive damages. Since I have concluded that the jury's verdict for punitive damages should be set aside, the defendant has not been prejudiced in any way by the admission of the evidence relating to the permit. Therefore, it is not necessary to consider this contention further.

## Conclusion

The defendant's motion to set aside the jury's verdict for compensatory damages should be denied. However, its motion to set aside the jury's verdict awarding punitive damages should be granted.