## William P. Sheffield, et al.

### v.

## Department of Highways and Transportation

Record No. 900062

November 9, 1990

Present: All the Justices

William P. Sheffield for appellants.

James F. Hayes, Assistant Attorney General (Mary Sue Terry, Attorney General; K. Marshall Cook, Deputy Attorney General; Richard L. Walton, Jr., Senior Assistant Attorney General, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

In this appeal, the sole issue is whether the remedy of ejectment is available to a landowner whose real property has been taken wrongfully and without compensation under the color of eminent domain by the Commonwealth of Virginia for highway purposes.

In 1972, the Commonwealth's Department of Highways and Transportation (now the Department of Transportation) was improving State Route 75 in Washington County. In connection with the work, the Department condemned a parcel of land as being the property of Mabel Farnsworth and Leona Farnsworth Eads. It was not considered to be the property of the heirs of A. B. Lowe during the acquisition.

When excavation of the parcel commenced, the Lowe heirs claimed ownership of the property. They consulted appellant William P. Sheffield, an attorney, to determine if compensation could be recovered for the alleged wrongful taking of their land. After some discussion with Department representatives, the Lowe heirs did not pursue the matter further.

Some years later, the Lowe heirs sold the property to Sheffield and his wife. In 1987, the Sheffields filed the present action against the Department, inexplicably "at the relation of" the Lowe heirs, labelling the pleading, "Motion for Judgment in Ejectment." The plaintiffs alleged that the Lowe heirs were possessed of the subject parcel "at the time the defendant took possession" and that the Department "now claims title to such land as a part of the highway system all of which is to the damage of the plaintiffs in the amount of $10,000."

Responding in the name of the "Commonwealth of Virginia, Department of Transportation," the Attorney General filed a motion for summary judgment seeking dismissal on the ground of sovereign immunity. Asserting that the motion for judgment "sounds in ejectment," the Attorney General contended that the ejectment statutes contain neither a waiver of sovereign immunity nor any authorization to bring an action in ejectment against the Commonwealth.

Ruling that ejectment "does not lie against the Commonwealth under the facts of this case," the trial court sustained the motion for summary judgment. We awarded the plaintiffs this appeal from the October 1989 order dismissing the action with prejudice, in order to consider the foregoing issue.

Article I, § 11 of the Constitution of Virginia prohibits enactment of any law "whereby private property shall be taken or damaged for public uses, without just compensation." The plain purpose of the constitutional provision is "to guarantee to an owner just compensation both where his property is *taken* for public uses and where it is *damaged* for public uses, irrespective of whether there be negligence in the taking or the damage." *Heldt* v. *Elizabeth River Tunnel District*, 196 Va. 477, 482, 84 S.E.2d 511, 514 (1954). *Accord Hampton Roads Sanitation District* v. *McDonnell*, 234 Va. 235, 238, 360 S.E.2d 841, 843 (1987). Moreover, the constitutional provision is self-executing and the landowner may enforce the right to compensation in a common-law action. *Id.*; *Morris* v. *Elizabeth River Tunnel District*, 203 Va.

196, 198, 123 S.E.2d 398, 400 (1962); *Heldt*, 196 Va. at 482, 84 S.E.2d at 515; *Swift & Co.* v. *Newport News*, 105 Va. 108, 114-15, 52 S.E. 821, 824 (1906).

■ Ejectment is a common-law action, although it is now controlled by statute, Code §§ 8.01-131 through -165. Indeed, the codification expressly provides that the common-law action of ejectment "is retained." § 8.01-131.

In order to determine whether ejectment is an appropriate remedy under these circumstances, the nature of the action should be reviewed. Ejectment is an action to determine the title and right of possession to real property. *Brown* v. *Haley*, 233 Va. 210, 216, 355 S.E.2d 563, 567 (1987). The judgment entered for a successful plaintiff in the action "shall be, that he recover the possession of the premises . . . according to the description thereof in the motion for judgment." Code § 8.01-155.

We have not been confronted before with the precise issue presented in this case. *But cf. e.g., Bolling* v. *The Mayor, &c.*, 24 Va. (3 Rand.) 563, 573-74 (1825) (ejectment proper to establish landowner's title subject to easement held by town of Petersburg for a public highway). And, the courts in other jurisdictions do not deal uniformly with the suitability of a landowner's action in ejectment for so-called "inverse condemnation."

The author of a respected treatise on the subject notes, "it is well settled that in all cases in which possession of land has been wrongfully taken from the owner under color of eminent domain, whether the supposed taking is of a fee or only of an easement, the owner may recover possession in an action of ejectment." 6A *Nichols' Law of Eminent Domain* § 28.32 (Rev. 3rd ed. 1990) (footnotes omitted). Nichols observes, however, that ejectment "has frequently been denied, primarily because of the adverse effect thereof upon the public welfare, but often because other remedies are available." *Id.*

■ The writer of an exhaustive Note on the subject views the state of the law differently. "If the public is benefiting from a particular use of property, ejectment . . . would cause that use to discontinue with possible harm to the public. Although such relief is sometimes granted, it is more often denied, usually because of the possible harmful effect upon the public welfare." Note, *Eminent Domain — Rights and Remedies of an Uncompensated Landowner*, 1962 Wash. U.L.Q. 210, 223-24 (1962) (footnotes omitted).

■ Given the nature of the action of ejectment, and the entitlement of the successful claimant to be put into possession of the disputed land, we conclude that the remedy is inappropriate and unsuitable as a vehicle to prosecute an inverse condemnation claim against the Commonwealth. If landowners whose property has been taken mistakenly without compensation by the State for highway purposes could eject the State from the highway and take possession of the roadway, the public transportation system could be thrown into chaos and a continuous highway system would be jeopardized. Furthermore, the landowner's constitutional right is a right to just compensation, not a right to recover possession of the property.

■ We reiterate that we decide in this case only the question posed at the outset, that is, whether ejectment is available under these circumstances. Implicit in our decision is the assumption, but not the decision, that sovereign immunity would not bar the action of ejectment against the Commonwealth.

■ And, notwithstanding the contention of the Attorney General, we will not decide in this case that the enactment of Code § 8.01-187 created the sole remedy for enforcement of inverse condemnation claims like the one presented in this case. That section, enacted in 1968, authorizing use of the declaratory judgment procedure, "merely supplies another remedy to enforce existing rights" of a landowner whose property has been wrongfully appropriated to public use without just compensation. *Stroobants* v. *Fugate, Highway Comm.*, 209 Va. 275, 277, 163 S.E.2d 192, 194 (1968). In an unbroken line of cases, the most recent being *McDonnell*, the Court has said a landowner may enforce his constitutional right to compensation in "a" common-law action. 234 Va. at 238, 360 S.E.2d at 843. We make these statements fully aware of the suggestion by dictum in *Chaffinch* v. *C & P Tel. Co.*, 227 Va. 68, 71-72, 313 S.E.2d 376, 378 (1984), that there is "some logic" in the argument that the enactment of § 8.01-187 was intended to create the "sole remedy" available when an inverse condemnation claim is asserted against the sovereign or one of its agencies or political subdivisions. *See also McDonnell*, 234 Va. at 238 n.2, 360 S.E.2d at 843 n.2.

Accordingly, the judgment of the trial court dismissing the ejectment action will be

*Affirmed.*