# CIRCUIT COURT OF FAIRFAX COUNTY

Norma Bostick Hartwell et al.

v.

Fairfax County et al.

June 24, 2011

Case No. CL-2011-3349

By Judge R. Terrence Ney

This matter came before the Court on May 20, 2011. After considering the pleadings, memoranda, and arguments of counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

## Facts

Norma Bostick Hartwell, Elizabeth Ann Bostick, Warren E. Bostick, and Wycliffe on the Potomac Homeowners' Association, Inc. (collectively, the "Property Owners") own land in Fairfax County. Defendants are the County of Fairfax and the Board of Supervisors of Fairfax County.

The Property Owners allege that, since 1998, Fairfax County has established and maintained a storm drainage system for their property. As a result of the County's alleged failure to maintain this system, their property was damaged. On October 15, 2009, "the Fairfax County Department of Public Works finally took action to clear the catch basin, establish adequate outlets, and to properly maintain the drainage system." Statement of Written Facts, Ex. C to the Compl.

On March 29, 2010, pursuant to Virginia Code §§ 8.01-195.6 and 15.2-209, the Property Owners filed a written statement of facts with the Fairfax County Board of Supervisors (the "Board"). The statement sought judgment against the Fairfax County Department of Public Works and the County of Fairfax for just and fair compensation for the alleged taking and inverse condemnation of the Property Owners' land. The Board denied the Property Owners' claims at its meeting on May 11, 2010. By letter dated

May 12, 2010, the Clerk of the Board notified the Property Owners that their claims were denied. No appeal was filed.

On March 8, 2011, this Complaint was filed against the County of Fairfax and the Board of Supervisors of Fairfax County (collectively, the "County") pursuant to Article I, Section 11, of the Virginia Constitution. The Property Owners seek $2,000,000.00 in damages as well as a declaratory judgment.

The County filed its Plea in Bar asserting that, because the Property Owners filed a written statement of facts with the County, the "claim" defined under § 8.01-195.6 is encompassed within § 15.2-1246. Because an appeal was not filed, the County argues that the Property Owners are barred from bringing this suit.

The issue presented is whether Virginia Code §§ 15.2-1246 and 15.2-1247 are the exclusive procedural remedies for a party asserting an inverse condemnation claim against a county.

### Analysis

### Standard for Plea in Bar

A plea in bar is a defensive pleading, which, if proven, creates a bar to a plaintiff's right of recovery. The party asserting the plea in bar bears the burden of proof. *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 590 (2000).

### The Genesis of Inverse Condemnation in Virginia

Inverse condemnation is defined in *Black Law's Dictionary* as "[a]n action brought by a property owner for compensation from a governmental entity that has taken the owner's property without bringing formal condemnation proceedings." *Black's Law Dictionary* 712 (9th ed. 2009).

The Virginia Constitutional Convention of 1901 drafted the Virginia Constitution of 1902. Susan Breitzer, *Virginia Constitutional Convention (1901-1902)* (2011). In 1903, the Virginia Supreme Court of Appeals, in *Taylor v. Commonwealth*, held that the Constitution had become law on July 10, 1902. 101 Va. 829, 44 S.E. 754 (1903). The 1902 Constitution first contained the provision that protects property owners from condemnation, be it direct or inverse.

Section 58 of the 1902 Constitution provided, in effect, that no "private property shall be taken or damaged for public uses without just compensation." *Nelson County v. Loving*, 126 Va. 283, 298, 101 S.E. 406, 410 (1919). "The . . . Constitution [prior to 1902] contained the same provision as to the taking of private property for public uses," but the words "or damaged" were inserted for the first time in the 1902 Constitution. *Id.*

Today, Article I, Section 11, of the Virginia Constitution contains the same language.

In 1906, the Virginia Supreme Court, in *Swift & Co. v. City of Newport News*, stated that:

> It was the design of the amendment of our Constitution under consideration to remove an existing mischief, *viz.* the damaging of private property for public use without just compensation, and a constitutional provision should never be construed as dependent for its efficiency and operation upon legislative will . . . [s]o that when the provision of a Constitution, as ours does, forbids damage to private property and points out no remedy, and no statute affords one for the invasion of the right of property thus secured, *the provision is self-executing, and the common law, which provides a remedy for every wrong, will furnish the appropriate action for the redress of such grievance.*

105 Va. 108, 114-15, 52 S.E. 821, 824 (1906) (emphasis added).

In 1919, the court in *Nelson County v. Loving*, held that "our Constitution . . . has expressly conferred upon all private owners of property the right to 'just compensation' upon [the property] being [damaged] for public use by the action of the counties under the various statutes authorizing such action." 126 Va. 283, 298, 101 S.E. 406, 410 (1919). Plainly, for over a century, legal redress for inverse condemnation has been afforded.

*Whether Virginia Code §§ 15.2-1246 and 15.2-1247 Are the Exclusive Procedural Remedies for Seeking a Condemnation Claim against a County?*

Virginia Code § 15.2-1246 states in relevant part that, "[w]hen a claim of any person against a county is disallowed in whole or in part by the governing body, if such person is present, he may appeal from the decision of the governing body within 30 days from the date of the decision."

Virginia Code § 15.2-1247 states in part that:

> The determination of the governing body of any county disallowing a claim in whole or in part, shall be a bar to any action in any court founded on such claim, unless (i) the decision of the governing body disallowing the claim is appealed; (ii) the governing body consents to the institution of an action by the claimant against the county; or (iii) the governing body fails to act upon any claim within 90 days of the date the claim is received by the governing body or its clerk. . . .

In 1954, in *Heldt v. Elizabeth River Tunnel Dist.*, the plaintiff filed a motion for judgment based upon damage to her property resulting from the construction of a tunnel for public use under the Elizabeth River. 196 Va. 477, 84 S.E.2d 511 (1954). The Supreme Court of Virginia in *Heldt* underscored its decision in *Swift & Co.* when it stated that "[i]t is well settled that such a constitutional provision [for inverse condemnation] is self-executing and the landowner may enforce his constitutional right to compensation in a *common-law action.*" *Id.* at 483, 84 S.E.2d at 515 (internal citations omitted) (emphasis added).

The Supreme Court in *Burns v. Board of Supervisors of Fairfax County*, under facts similar to those here, decided an inverse condemnation case. 218 Va. 625, 238 S.E.2d 823 (1977). The claim was brought against the county by landowners suffering from an improperly-maintained storm sewer system. The county asserted on demurrer that it was immune from actions grounded in tort and that the complaint failed to allege sufficient facts to create an implied contract. The circuit court sustained the county's demurrer without assigning reasons in the record. *Id.* The Virginia Supreme Court reversed stating that "[t]he owner whose property is taken or damaged for public use has a right to waive all other remedies, and to sue upon an implied contract that he will be paid therefor such amount as would have been awarded if the property had been condemned under the eminent domain statute." *Id.* at 627, 238 S.E.2d at 825.

In *Chaffinch v. Chesapeake & Potomac Tel. Co. of Va.*, a homeowner filed a tort claim for compensatory and punitive damages against a public service company authorized to condemn private property. He alleged trespass and damage to private property. The public service company moved to dismiss "on the ground that [the homeowner's] exclusive remedy is an action for a declaratory judgment." 227 Va. 68, 313 S.E.2d 376 (1984). The trial court sustained the motion.

On appeal, the Supreme Court pointed to its decision in *Burns* and again affirmed the rule "upholding common-law rights of action." 227 Va. 68, 313 S.E.2d 376. It also held that the just-compensation clause of Article I, § 11, constitutes a waiver of sovereign immunity, and acknowledged that § 8.01-187[1] creates a statutory mechanism for the enforcement of such claims. 227 Va. at 71, 313 S.E.2d at 378.

---

[1] Virginia Code § 8.01-187 states that "Whenever it is determined in a declaratory judgment proceeding that a person's property has been taken or damaged within the meaning of Article I, Section 11, of the Constitution of Virginia and compensation has not been paid or any action taken to determine the compensation within 60 days following the entry of such judgment order or decree, the court which entered the order or decree may, upon motion of such person after reasonable notice to the adverse party, enter a further order appointing commissioners or condemnation jurors to determine the compensation. The appointment of commissioners or condemnation jurors and all proceedings thereafter shall be governed by the procedure prescribed for the condemning authority."

Thus, when an inverse condemnation claim is asserted against the sovereign or one of its agencies or political subdivisions, there is some logic in the argument that the statutory mechanism was intended to be the sole remedy available. But the logic fails altogether when the claim is one asserted against other parties. Public service companies have never enjoyed immunity from liability for damaging private property, the power of eminent domain entrusted to them . . . confers none, and we find nothing in the language of § 8.01-187 or the annals of legislative history which reflects legislative intent to immunize them from actions at common law.

*Id.* at 72, 313 S.E.2d at 378.

The court noted that the General Assembly "was aware of these decisions when it enacted § 8.01-187, and [the court] believe[s] that, if it had intended the statutory proceeding `to supersede ordinary causes of action,' *it would have said so on the face of the statute*. It did not, and we will not assume that the omission was an oversight." *Id.* (emphasis added). "Rather, we join courts in sister states which have held that a statutory remedy does not preempt common law remedies against a non-sovereign entity vested with the power of eminent domain *unless the statute, expressly or by necessary implication, so provides*." 227 Va. at 72-72, 313 S.E.2d at 379 (emphasis added). In short, the "sole remedy" was not the "sole remedy."

Additionally, in *Sheffield v. Department of Highways and Transp.*, the Supreme Court held that a landowner may enforce his constitutional right to compensation in a common-law action. 240 Va. 332, 397 S.E.2d 8026 (1990). "We make these statements fully aware of the suggestion by dictum in *Chaffinch* . . . that there is `some logic' in the argument that the enactment of § 8.01-187 was intended to create the `sole remedy' available when an inverse condemnation claim is asserted against the sovereign or one of its agencies or political subdivisions." *Id.* at 336, 397 S.E.2d at 804.

Finally, in 2008, in *Kitchens v. City of Newport News*, the Supreme Court of Virginia directly addressed the question of whether § 8.01-187 was the sole remedy for an inverse condemnation claim. 275 Va. 378, 657 S.E.2d 132 (2008). A landowner filed a motion for judgment alleging damage to his property because of flooding from Hurricane Floyd as well as flooding from governmental action. The city asserted that § 8.01-187 constituted the exclusive remedy for plaintiffs seeking just compensation for a taking. *Id.* The Supreme Court disagreed.

The General Assembly was aware of these decisions when it enacted Code § 8.01-187, and *we believe that, if it had intended the statutory proceeding "to supersede ordinary causes of action," it would have said so on the face of the*

*statute.* It did not, and we will not assume that the omission was an oversight.

*Id.* at 394, 657 S.E.2d at 141 (emphasis added).

The court held that an Article I, § 11, takings claim may be pursued by a common law action. 275 Va. at 394, 657 S.E.2d at 141.

Here, the language of §§ 15.2-1246 and 15.2-1247 is clear on its face. The statutes do not state that they are the *exclusive remedy* for claims against a county. Pursuant to *Signal Corp. v. Keane Fed. Sys.*, courts are required to apply the "plain meaning of statutes, and we are not free to add language, nor to ignore language, contained in statutes." 265 Va. 38, 46, 574 S.E.2d 253, 257 (2003).

Va. Code § 15.2-1247 does state that the failure to appeal a decision "is a bar to any action in any court," but, more importantly, it does not say that it is the *exclusive remedy*. This Court will not read language into the statute that is not there.

### Non-Inverse Condemnation Cases in Virginia

The County relies upon numerous cases which have nothing to do with inverse condemnation. For example, the County cites *Parker v. Prince William County* for the proposition that a landowner's inverse condemnation claim must be dismissed if the landowner does not comply with §§ 15.2-1243, *et seq.* 198 Va. 231, 93 S.E.2d 136 (1956). *Parker*, though, was a nuisance action, which, on appeal, dealt with the statutory requirements applicable to appeal bonds. *Id.* It was not an inverse condemnation case.

Similarly, in *Lyttle Co. v. County of Hanover*, a contractor entered into two construction contracts with the county. 231 Va. 21, 341 S.E.2d 174 (1986). The underlying issue was whether a proposal for settlement of claims was considered a "claim" pursuant to Va. Code § 15.1-554. *Id. Lyttle* does not address inverse condemnation claims or the Constitution of Virginia.

In *Nuckols v. Moore*, the sole question was "whether [Va. Code §§ 15.1-552 and 15.1-553] apply to proceedings for declaratory judgment and mandamus." 234 Va. 478, 480, 362 S.E.2d 715, 716 (1987). The court noted that the procedural provisions of Va. Code §§ 15.1-150 through 15.1-554 are prerequisites to a monetary suit against a county. *Id.* at 482, 362 S.E.2d at 717. That case, again, did not address the constitutional protection of inverse condemnation.

Finally, the County asserts that the Virginia Supreme Court in *Viking Enterprise, Inc. v. County of Chesterfield* speaks directly to the issue presented here. 277 Va. 104, 670 S.E.2d 741 (2009). In *Viking*, a corporation entered into a contract with the county that was covered by the Virginia Public Procurement Act. The corporation submitted a claim to the county

for work it allegedly performed, and the Board of Supervisors denied it. *Id*. The corporation filed a complaint, and the county demurred, asserting that the corporation had failed to follow the jurisdictional requirements of Va. Code § 15.2-1246. The circuit court sustained the demurrer. *Id*. On appeal, the Supreme Court of Virginia stated that the requirements of Va. Code §§ 15.2-1243 *et seq*. "provide the exclusive procedure for litigating claims against a county." *Id*. at 111, 670 S.E.2d at 744 (internal citations omitted). The "[f]ailure to allege compliance with these statutes is fatal to an action against a county." *Id*. Notwithstanding, *Viking* clearly is not a condemnation case. The claimant in *Viking* did not enjoy the constitutional protection of Article I, Section 11.

The Supreme Court in *Kitchen* makes clear that the General Assembly is well aware of earlier decisions and, "if it had intended the statutory proceeding 'to supersede ordinary causes of action,' it would have said so on the face of the statute. It did not, and we will not assume that the omission was an oversight." 275 Va. 378, 395-96, 657 S.E.2d 132, 142 (2008). To read the statute otherwise would be to add language to the statute, which this Court may not and shall not do. *See Signal Corp. v. Keane Fed. Sys.*, 265 Va. 38, 574 S.E.2d 253 (2003).

*Have the Property Owners Waived Their Right to a Common Law Action When They Filed a Written Statement of Facts with the County?*

The Property Owners filed a written statement of facts pursuant to Virginia Code § 15.2-209. Property Owners also filed the statement pursuant to Va. Code § 8.01-195.6. This code provision deals with tort claims against a county, which an inverse condemnation claim is clearly not. *Burns v. Board of Supervisors of Fairfax County*, 218 Va. 625, 238 S.E.2d 823 (1977). Section A of § 15.2-209 states that:

> Every claim cognizable against any county, city, or town for negligence shall be forever barred unless the claimant or his agent, attorney, or representative has filed a written statement of the nature of the claim, which includes the time and place at which the injury is alleged to have occurred, within six months after such cause of action accrued. However, if the claimant was under a disability at the time the cause of action accrued, the tolling provisions of § 8.01-229 shall apply.

The Supreme Court has found that "the purpose of this section is to afford the county authorities the opportunity to investigate the circumstances, examine the locality in which the injury is alleged to have occurred, and to discover the witnesses promptly so as to ascertain the facts while their recollections are fresh." *City of South Norfolk v. Dail*, 187 Va. 495, 501,

47 S.E.2d 405, 407 (1948). The court also stated that "[s]uch provisions tend to discourage and avoid the expense of litigation because a prompt settlement may be made in a proper case." *Id.* It is clear that § 15.2-209 does not state that the filing of a common law action is prohibited once the written statement is filed. Section 15.2-209's intent is to discourage litigation when a settlement may be possible.

Here, the Property Owners' right to a common law action was not waived because they failed to appeal to the denial of their claims. "Almost any right, whether conferred by law or contract, may be waived as long as the waiver is *knowledgeable* and *intentional*." *Speier v. Renaissance at Victoria Farms*, 58 Va. Cir. 90, 91 (Fairfax County 2001) (citing *Gordonsville Energy, L.P. v. Virginia Elec. & Power Co.*, 257 Va. 344, 356, 512 S.E.2d 811, 818 (1999)) (emphasis added).

Sections 15.2-1246 and 15.2-1247 do not state that they are the exclusive remedies. The Property Owners, therefore, could not have known that, by failing to appeal the decision of the Board, they might have waived their constitutional protection to a common law action. If the Property Owners could not have known, there can be no waiver that was knowledgeable or intentional.

## Conclusion

The General Assembly did not specify that Virginia Code §§ 15.2-1246 and 15.2-1247 are the exclusive remedies for filing an inverse condemnation claim against a county. As a result, the Plea in Bar is overruled.