21 F.3d 423
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Fred W. McLAUGHLIN; Estate of Gladys L. McLaughlin, by
Merlin McLaughlin, Executor, Plaintiffs-Appellees,
and
FRONT ROYAL AND WARREN COUNTY INDUSTRIAL PARK CORPORATION, a
Virginia corporation, plaintiff,
v.
TOWN OF FRONT ROYAL, Virginia, a municipal corporation;
John Marlow, individually and as former Mayor of the Town of
Front Royal, Virginia; Michael Kitts, individually and as a
member of the Town Council of the Town of Front Royal,
Virginia; Edwin L. Pomeroy, individually and as a former
member of the Town Council of the Town of Front Royal,
Virginia; Robert G. Ruff, Jr., individually and as a former
member of the Town Council of the Town of Front Royal,
Virginia; George E. Banks, individually and as a former
member of the Town Council of the Town of Front Royal,
Virginia; Brackenridge H. Bentley, individually and as Town
Manager of the Town of Front Royal, Virginia, Defendants-Appellants.
 No. 93-1034.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 8, 1993.
Decided: April 5, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James H. Michael, Jr., District Judge. (CA-87-19, CA-87-20)
 ARGUED: Glenn M. Hodge, Wharton, Aldhizer & Weaver, Harrisonburg, VA, for Appellants.
 Robert Clayton Fitzgerald, Hazel & Thomas, P.C., Falls Church, VA, for Appellees.
 ON BRIEF: Mark D. Obenshain, Wharton, ALDHIZER & WEAVER, Harrisonburg, VA; David N. Crump, Front Royal, VA, for Appellants.
 Myron C. Smith, Fairfax, VA, for Appellees.
 W.D.Va.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The McLaughlins appear before this court for the third time[1] in an action to recover damages from the Town of Front Royal and its officials for an alleged violation of their rights under the Fifth and Fourteenth Amendments and 42 U.S.C. Sec. 1983. In our last disposition of this case, we held that the district court should have abstained from ruling because state remedies were available to the plaintiffs and we vacated the order granting summary judgment in favor of the McLaughlins. Front Royal II, 945 F.2d at 762. We instructed the district court to retain jurisdiction over the case pending the outcome of the state proceedings. Id. at 765. Instead of returning to state court,[2]
 
 
 2
 however, the McLaughlins went directly back to the district court which reinstated its judgment in their favor. We now vacate that decision and once again remand the action to be held in abeyance pending subsequent state proceedings.
 
 I.
 
 3
 Fred and Gladys McLaughlin own parcels of land in Virginia that were annexed by the Town of Front Royal in 1976 pursuant to an Annexation Court order. The order directed Front Royal to extend sewer service to the parcels of land annexed as expeditiously as practicable, but in any event within 5 years after the entry of the order. Front Royal failed to extend sewer service to the McLaughlins' parcels by the December 31, 1981 deadline.
 
 
 4
 The McLaughlins filed their complaint on February 12, 1987 in the United States District Court for the Western District of Virginia. Sewer service was eventually provided to the McLaughlins' land, although there is a factual dispute about whether such service was provided in 1988 or 1989. The McLaughlins argue that the appellants' refusal to provide sewer service to their property within the timeframe required by the Annexation Court order deprived them of all economically viable uses of that property in violation of their due process rights. They also contend that they were denied equal protection because sewer service was provided to other similarly situated individuals.
 
 II.
 
 5
 In our last decision in this case, we found that questions of state law were at issue and remanded the action for proceedings in state court. We concluded that the Virginia "annexation scheme is sufficiently local in nature to warrant our abstaining from deciding the issues" presented and that the Virginia courts"should have the first opportunity to pass upon them." Front Royal II, 945 F.2d at 764-65.
 
 
 6
 The Constitution of Virginia, Article I Sec. 11 "expressly and unequivocally provides, 'that the General Assembly shall not pass any law ... whereby private property shall be taken or damaged for public uses, without just compensation.' " Board of Supervisors v. Rowe, 216 S.E.2d 199, 208-09 (Va.1975). The Virginia Supreme Court recognized that restrictions on use of private property may constitute a " 'taking' of one of the most valuable components of the package of private property rights, and, absent just compensation, such taking is a denial of due process of law." Id. at 210.
 
 
 7
 Despite this clear expression of a state law cause of action for uncompensated takings, the McLaughlins contend that Virginia nonetheless does not provide a remedy for their claim. They rely on the Virginia Supreme Court's interpretation of takings in Virginia Beach v. Virginia Land Investment Association, 389 S.E.2d 312 (Va.1990), to support their position. In that case, no taking was found because the plaintiff "was not deprived of all economically viable uses of its property." Id. at 314. "At best, VLIA can only show that it was unable to develop its property as a planned unit development." Id. The zoning ordinance at issue was nevertheless found void. According to the McLaughlins, Virginia Beach indicates that there can be no action for a taking under Virginia law unless the property owner is deprived of all use of her property. This requirement, they contend, goes far beyond the federal standard for loss. Because of the allegedly unreasonable Virginia requirement, the McLaughlins argue that there is no state remedy available to them.
 
 
 8
 The federal standard for determining when a taking has occurred, however, is identical to the Virginia standard. The United States Supreme Court has found that a regulation "goes too far" and constitutes a taking "where [the] regulation denies all economically beneficial or productive use of land." Lucas v. South Carolina Coastal Counsel, 120 L.Ed.2d 798, 812-13 (1992). Because both the United States and the Virginia Supreme Courts employ the same standard for determining when a taking has occurred, the McLaughlins can hardly assert that a claim lies under federal law but not under state law.
 
 
 9
 Virginia has also expressly recognized and approved actions for damages by aggrieved property owners. The Virginia Supreme Court has held that in inverse condemnation situations,"a landowner may enforce his constitutional right to compensation in a common-law action." Sheffield v. Department of Highways and Transportation, 397 S.E.2d 802, 804 (Va.1990) (internal quotation marks omitted). A claim for compensation for illegal takings clearly lies under Virginia law.
 
 III.
 
 10
 This court ordered the district court to retain jurisdiction pending the outcome of state proceedings. The district court was not empowered to hear the case again until the McLaughlins had pursued their state remedies. Rather than present a claim in state court, however, the McLaughlins returned directly to the district court. Such behavior is not permitted. As this court found in National Capital Naturists v. Board of Supervisors, 878 F.2d 128, 130 (4th Cir.1989), to permit the claim to be heard "would both frustrate the purposes of ... abstention and reward a litigant whose treatment of the state court system was at best cavalier." As we stated in Naturists,
 
 
 11
 Under principles of comity, ... procedural failings in state proceedings should not meet encouragement in the federal system.... To allow [appellees] to return to federal court under these circumstances would only encourage sloppy lawyering and disrespect for state procedure.... Procedural defaults in state court are not without consequences for subsequent federal litigation. Id. at 132-33.
 
 
 12
 The McLaughlins were required to seek redress in state court before returning to the federal forum. They did not meet this requirement. The district court's reinstatement of its judgment is therefore vacated and the action is remanded to be held in abeyance pending proceedings in state court.
 
 
 
 [1]
 The first time this case came before us was an interlocutory appeal in which we affirmed the district court's holding that absolute legislative immunity was not available to defendants. Front Royal & Warren County Indus. Park Corp. v. Front Royal, 865 F.2d 77 (4th Cir.1989) ("Front Royal I "). The second time we heard this case, we vacated the district court's grant of summary judgment in favor of the McLaughlins. Front Royal & Warren County Indus. Park Corp. v. Front Royal, 945 F.2d 760 (4th Cir.1991) ("Front Royal II ")
 
 
 [2]
 In all proceedings prior to this one, the McLaughlins' case was consolidated with that of the similarly situated Front Royal and Warren County Industrial Park Corporation. Following Front Royal II, however, Industrial Park followed this court's mandate and took its case back to state court. An Opinion and Order Denying Defendants' Plea of Res Judicata and Granting the Petitioner's Motion for Partial Summary Judgment was entered on April 14, 1993 in favor of Industrial Park by the Circuit Court of Warren County, John E. Wetsel, Jr., Judge